HOOD, Judge.
Plaintiff, Lee P. Vidrine, claims damages for personal injuries which he sustained when he was struck by an automobile being driven by Samuel Comeaux. The suit was instituted against Comeaux and his insurer, American Employers Insurance Company. The trial court rendered judgment for the plaintiff, and defendants have appealed. Plaintiff answered the appeal demanding an increase in the amount of the award.
The accident occurred about midnight on Christmas Eve, December 24, 1964, at a point approximately 60 feet east of the intersection of Chatagnier and LaSalle Streets, in Ville Platte, Louisiana. Plaintiff was walking in a westerly direction on LaSalle Street, and he was struck by a car being driven east on that street by Com-eaux. There was a heavy fog at the time the collision occurred, and visibility was poor. Except for a white shirt, all of the clothes which plaintiff was wearing were dark, consisting of a black hat, a dark brown jacket, black trousers and black shoes. The headlights of the Comeaux car were burning at the time of the accident.
A street light was located in the southeast quadrant of the intersection, but the evidence shows that because of the fog this street light did not illuminate the area where the accident occurred.
Plaintiff testified that at the time of the accident he was walking in a westerly direction in the north, or westbound, lane of traffic on LaSalle Street, that he intended to cross to the south side of that street when he reached the point where it intersected Chatagnier, and that he planned then to turn to his left and to walk south on Cha-tagnier. He stated that he saw the headlights of the Comeaux car when he was about 20 feet from it, and that he tried to go further to his right when he saw the car approaching, but that the left front side of the car struck him before he was able to get out of the way. He did not give any indication as to how far he was from the center of the street when he was struck, but he testified that he did not cross to the south side of the center line at any time and that he fell at the point in the street where he was struck. He estimated that he was about 20 feet east of the intersection when the accident occurred, but he also stated that it took place in front of the Melvin Johnson residence, which the evidence establishes is 80 feet east of the crossing.
Plaintiff’s statement to the effect that he was struck in the north lane of traffic is corroborated to some extent by the testimony of Melvin Johnson, who said that shortly after the accident occurred he found plaintiff lying 5 or 6 feet north of the center line of the street. He further testified, however, that plaintiff was about 60 feet east of the intersection, that the street light did not illuminate that area, and that when he arrived at the scene the Comeaux car was parked on the south side of the street.
Defendant Comeaux testified that he was driving his car east in the south lane of traffic on LaSalle Street, at a speed of 15 *729 or 20 miles per hour, that he first saw plaintiff when the latter was about 10 feet in front of the car, and that because of the darkness and fog it was impossible for him to have seen plaintiff any sooner. He stated that plaintiff was about on the center line of the street when he first saw him, but that “he looked like he was crossing the street.” Comeaux said he turned his car to the right and applied his brakes immediately, but that plaintiff continued to walk toward him, and that plaintiff was struck by the left front fender of the car after he had taken one step south of the center line of the street. Comeaux testified that his car remained in the south lane of traffic at all times, and that the point of impact was from 3 to 5 feet south of the center line of LaSalle Street. He stated that plaintiff’s body first came in contact with the left side of the left front fender of the Car at a point about even with the front tire, that he brought his car to a stop immediately after the accident occurred, and that when his car came to a stop the back end of the car was about even with plaintiff’s body.
Comeaux’s testimony is supported in almost every detail by that of his wife, who was in the car with him at the time, and in at least one important particular by the statements of Harry Vidrine, a city policeman who arrived at the scene shortly after the accident occurred. The policeman stated that plaintiff was lying just about on the center line of the street when he got there within a few minutes after the accident occurred.
Plaintiff concedes that he had two drinks of liquor within a four-hour period just prior to the accident, but he states he “wasn’t drunk.” A lady who was with him that evening stated that she did not notice plaintiff doing any “excessive drinking” or notice that he was drunk, and that when he left her home a few minutes before the accident, he was “walking and talking okay.” Comeaux, the driver of the car, had had nothing intoxicating to drink that evening.
On these facts, the trial judge concluded that defendant Comeaux was negligent in failing to maintain a proper lookout and in failing to swerve to his right immediately after he observed plaintiff walking on the street. The trial court made no finding as to whether plaintiff was chargeable with contributory negligence, but he concluded that '“even if plaintiff was contributorily negligent, he is entitled to recover damages under the humanitarian doctrine of last clear chance.”
We find it unnecessary to determine whether the accident occurred in the north or in the south lane of traffic on LaSalle Street, because we have determined that under either version plaintiff is barred from recovery because of his own contributory negligence. Without attempting to decide that factual issue, therefore, we will simply assume for the purpose of this suit that plaintiff’s version of how the accident occurred is substantially correct, that Com-eaux was negligent in permitting the left side of his car to cross into the north, or westbound, lane of traffic, and that the accident occurred in that lane.
According to plaintiff’s own testimony, he was walking on the main traveled portion of this street about midnight on Christmas Eve, while the weather was so foggy that he was unable to see the bright headlights of an approaching automobile until the lights were within 20 feet of him. We accept the testimony of Comeaux, as the trial judge apparently did, that he was unable to see plaintiff, who was wearing dark clothes and carried no light of any kind, until he was within 10 feet of him. The fact that visibility was so limited by weather conditions must have been obvious to plaintiff. LaSalle Street is almost 60 feet wide at that point, no cars were parked along that street and no other traffic was on it. Although there were no sidewalks along either side of that thoroughfare, the street was wide enough to permit a person to walk along the side or shoulder of it with little danger of being struck by motor ve- *730 hides. Yet, the plaintiff in this suit was walking very near the center line of such street when he was struck. If we consider only the testimony which is most favorable to plaintiff, and ignore all other evidence, we would have to conclude that plaintiff was walking on the main traveled portion of the street, within 5 or 6 feet of the center line of it. We think he was negligent in doing so under the conditions which prevailed at that time, and that his negligence was a proximate and contributing cause of the accident.
In order for plaintiff to successfully invoke the doctrine of last clear chance, the evidence must show clearly: (1) That plaintiff was in a position of peril of which he was unaware, or from which he was unable to extricate himself; (2) that the defendant actually discovered, or should have discovered, the plaintiffs peril; and (3) that at the time defendant actually discovered, or should have discovered, plaintiffs peril, defendant had a reasonable opportunity to avoid the accident. See Sorrell v. Allstate Insurance Company, La.App. 3 Cir., 179 So.2d 499, and cases cited therein.
Although we think the evidence in the instant suit fails to show that the first and the third of these essential elements are present, we will consider only the last one, that is, the requirement that Comeaux had an opportunity to avoid the accident after he discovered, or should have discovered, plaintiff’s peril. The evidence shows that Comeaux first saw plaintiff when the latter was only 10 feet in front of his car, and we have concluded that this is as soon as he should have seen him under the existing circumstances. The car was being driven at a speed of from IS to 20 miles per hour, covering a distance of from 22 to 29 feet per second. The stopping distance charts which we have examined indicate that a car being driven at a speed of 15 miles per hour could not be stopped within a distance of 10 feet, even if we allow only the minimum reaction time. The evidence does not show, therefore, that Comeaux could have brought his car to a stop in time to avoid an accident after he first should have observed plaintiff in front of him.
Comeaux applied his brakes immediately, and he brought his automobile to a complete stop within a distance of 10 feet plus the length of the car after he first saw the plaintiff. We think the evidence also establishes that Comeaux turned his car to his right immediately after seeing plaintiff. He and his wife testified that he swerved' to his right as soon as he saw Vidrine ahead of him. Plaintiff testified that “the car didn’t go very far after it hit. * * * ” And plaintiff’s principal witness, Melvin-Johnson, stated that when he arrived at the scene the Comeaux car was parked on the-south side of the street. There is no' testimony to the effect that Comeaux continued to travel in a straight line or that he failed to turn to his right after he saw-plaintiff.
Plaintiff also testified that he did not stop walking prior to the time he was struck, and that he was still walking when the accident occurred, although he stated that he did not walk into the side of the car. The evidence shows that his body came into contact with the left side of the left front fender of the car, which indicates that plaintiff actually walked into' the side of the moving car, and that either the car was turned somewhat to its right or that plaintiff was in the act of crossing the street when the accident occurred. If we accept plaintiff’s testimony that the impact occurred in the north lane of traffic,, then we must conclude that Comeaux turned sharply to his right since he came to a stop within a very few feet, with his car being completely in the south lane of traffic. If we assume that Comeaux did not turn to his right, then the conclusion-would be inescapable that he remained in the south lane of traffic at all times and that plaintiff simply walked into the side of the car.
*731 Under any of these circumstances, we think the evidence fails to show that Comeaux had a reasonable opportunity to avoid the accident after he discovered, or should have discovered, plaintiff’s peril, •and the doctrine of last clear chance thus is not applicable. We conclude that the trial court erred in permitting plaintiff to recover on the theory that Comeaux had the last clear chance to avoid the accident. See Campisi v. Fidelity & Casualty Company of New York, La.App. 3 Cir., 152 So.2d 88; and Fontenot v. Travelers Indemnity Co., La.App. 3 Cir., 134 So.2d 330.
For the reasons herein assigned, the judgment appealed from is reversed, and judgment is hereby rendered in favor of defendants and against plaintiff, rejecting plaintiffs demands at his costs. The costs of this appeal are assessed to plaintiff-appellee.
Reversed.