FRUGÉ, Judge.
This is an action instituted by plaintiff, James B. Rogers, against State Farm Mutual Automobile Insurance Company, his autombile insurer, seeking damages for personal injuries sustained by the plaintiff as a result of an automobile accident occurring on November 3, 1966. Involved in the collision at the intersection of Monroe Street and MacArthur Drive service road, in the City of Alexandria, Louisiana, were plaintiff’s automobile and a gravel-truck-trailer, owned and being driven by Wilmore J. Lambert, an uninsured motorist.
Plaintiff sues his own automobde insurer for personal injuries and medical expenses under the uninsured motorist clause, and further claims damages for alleged personal injuries and medical expenses under the medical payment clause, as well as penalties and attorneys’ fees.
The lower court awarded plaintiff judgment for $57.50 under the medical payment clause, but denied all other damages. Costs were assessed against defendants.
In the early morning of November 3, 1966, while it was still dark, plaintiff was driving west on Monroe Street and Lambert was proceeding south on the service road. A stop sign was in place on the latter thoroughfare, thus making Monroe Street the favored street. At the time of the accident the weather was clear and cold.
As to the actual facts surounding the accident, there is little dispute. Plaintiff, Mr. Rogers, testified that he was on his way to work and that he had driven some six or seven blocks on Monroe Street before the accident situs. Both his defroster and windshield wipers were in operation, however, there was frost on the windshield, and the only area of his windshield that was clear from frost was an area of approximately four to eight inches in diameter.
Mr. Rogers testified that he did not believe the frost on the windshield kept him from seeing, or at least he did not have much trouble in seeing out.
As to the vehicle of defendant, plaintiff testified that he had not seen the truck until almost the point of impact, at which time he cut sharply to the left, but was unable to avoid the collision. The right front of plaintiff’s automobile struck the rear trailer wheel of the twenty-one foot overall length truck-trailer.
Mr. Lambert testified he was traveling behind another one of his gravel trucks and that both trucks had stopped at the stop sign of the intersection. The first truck went on through the intersection, and he attempted to follow after observing the *692 lights of plaintiff’s vehicle, which appeared to be “a good two blocks away”.
Mr. Lambert testified, that at the time of the accident, his vehicle’s headlights were on, as were five small lights on the cab top and two lights on the side of the trailer located at the front and rear. He stated that he had gotten into plaintiff’s vehicle and found that he could not see through the windshield, and that plaintiff had told him that plaintiff considered himself wrong in that the reason for the frost on the windshield was that he was late for work and did not take time to clean it.
The investigating officers testified that the intersection was a right angle intersection and that plaintiff could have been able to see at least sixty feet up the service road to his right. Further, upon examination of plaintiff’s vehicle, they found that the windows were covered with frost except for “a little peephole about half the size of your hand on the windshield”. The officers testified that they were unable to determine the point of impact on the street.
In rebuttal, plaintiff testified that he had seen no trailer lights, nor did he see Mr. Lambert examine his automobile. He, as well, denied making any admissions of fault to Mr. Lambert.
In this action, plaintiff alleges that the sole and proximate cause of the accident was the negligence of Lambert, the uninsured motorist, in running the stop sign, in failing to have his vehicle under control, in failing to keep a proper lookout, and to exercise the precautions necessary in handling the heavy truck and trailer.
Defendant denied any negligence on the part of Lambert and pleads, alternatively, that plaintiff was guilty of contributory negligence in failing to keep a proper lookout and timely apply his brakes, and to yield the right of way to the truck which had pre-empted the intersection. Further, in attempting to drive his vehicle with foreign substances on its windshield to such an extent that he could not see sufficiently to safely drive.
Obviously, the sole issue for this court to decide is whether plaintiff was negligent or contributorily negligent so that his action against his own insurer for damages sustained in the collision with an uninsured motorist is barred.
After a close reading of the record, we feel that there is no question that the uninsured motorist, Mr. Lambert, was negligent in attempting to cross the highway in view of the oncoming traffic. Although he had stopped at the stop sign, Mr. Lambert had observed the approach of plaintiff’s vehicle and therefore it is simply a matter of mistake in judgment as to his ability to safely cross the intersection.
As to defendant’s plea that plaintiff was contributorily negligent, we, as did the lower court, must agree with this contention. Plaintiff’s unquestioned testimony is to the fact that his view, of the road ahead and of the situation to either side of his direction of travel, was hindered by the frost on the windshield. When one attempts to drive at such an hour of darkness with only at the most an eight-inch diameter view port of his surroundings, if it is found that such limitation of view causes one to become involved in an accident, there is no question that such an action constitutes negligence.
Granting that Mr. Lambert was negligent in attempting to proceed across Monroe Street in view of plaintiff’s oncoming vehicle, plaintiff as well was negligent in not seeing Mr. Lambert’s commitment to cross the street, and in not noticing the various lights which were working and which would have given plaintiff, had he been maintaining a proper lookout, the chance to avoid the accident. The conclusion must necessarily be, that plaintiff’s claim is barred by his clearly proven negligence.
The lower court found that in argument, plaintiff’s counsel had apparently conceded negligence on the part of Mr. Rogers, but *693 alleged that coverage should be allowed under the doctrine of last clear chance as exemplified by the case of Hartzog v. Eubanks, 200 So.2d 303 (La.App. 1st Cir., 1967).
As to the issue of contributory negligence, we feel that the lower court properly determined, from the facts and the law, that Lambert did not have the last clear chance, and we quote with approval the following language from the lower court:
“Mr. Lambert in his testimony estimated that plaintiff’s car was at least two blocks away when he pulled into the intersection under the belief that he had time to safely cross. Plaintiff, on the other hand, did not observe the truck until he was too close to it to avoid the collision. Thus, he does not know how close he was to the truck when its crossing maneuver began.
“In Vidrine v. American Employers Insurance Company [La.App.], 189 So.2d 727 and in numerous cases preceding it, it was held that for the doctrine of last clear chance to be applicable, the evidence must show :
(1) That the plaintiff was in a position of peril of which he was unaware, or from which he was unable to extricate himself;
(2) That the defendant actually discovered, or should have discovered, plaintiff’s peril; and
(3) That at the time defendant actually discovered, or should have discovered plaintiff’s peril, defendant had a reasonable opportunity to avoid the accident.
“There can be no doubt that plaintiff was in a perilous situation at all times as he drove along because his vision to the front and sides was so restricted that he was unable to properly observe traffic conditions about him. However, under the uncontradicted testimony of Mr. Lambert, his crossing attempt was undertaken when plaintiff’s car was so distant that he was entitled to believe that he could safely cross. Certainly, the evidence is barren of any fact or circumstances upon which it can reasonably be said that Mr. Lambert should have discovered that plaintiff was in a perilous situation before the truck entered the intersection. As a matter of fact, the evidence does not even disclose that Mr. Lambert could have been aware of any peril surrounding plaintiff at the time. In short, the doctrine of last clear chance cannot possibly be applied to the facts in this case.”
Having agreed with the lower court in its determination of the issue of negligence, we would consider only briefly the issue raised by plaintiff-appellant as to possible penalties and attorney’s fees under L.S.A. — R.S. 22:658.
The lower court refused to allow penalties and attorney’s fees, and we as well can find no evidentiary basis for invoking the provisions of R.S. 22:658 against defendants. For that reason we must refuse plaintiff penalties and attorney’s fees.
The lower court having correctly disposed of all issues in this case, we hereby affirm its decision restricting plaintiff to recovery of $57.50 proven medical expenses. All costs to be paid by defendant-appellees.
Affirmed.