318 So.2d 90 (1975)
John S. SCHOELEN and Rosemary Fath Schoelen, Plaintiffs-Appellees,
v.
FIDELITY & CASUALTY COMPANY, Defendant-Appellant.
No. 5111.
Court of Appeal of Louisiana, Third Circuit.
September 5, 1975.
Rehearing Denied October 1, 1975.
Writ Refused November 18, 1975.
*91 Watson, Blanche, Wilson & Posner by David W. Robinson, Baton Rouge, for defendant-appellant.
Domengeaux & Wright by Jack C. Fruge, Jr., Lafayette, for plaintiff-appellee.
Saumel H. Collins, New Orleans, for 3rd party plaintiff-appellee.
Before HOOD, CULPEPPER, and MILLER, JJ.
MILLER, Judge.
Defendant Fidelity & Casualty Company appeals the award of penalties and attorney fees to its insured plaintiffs John S. and Rosemary Fath Schoelen for F & C's refusal to pay uninsured motorist coverage until the uninsured motorist was found negligent and without a defense to plaintiffs' claim. We reverse.
Plaintiffs' daughter was a passenger in an uninsured motorist's Toyota. While in Nevada (under Nevada R.S. 41.180, the operator of a vehicle incurs no liability to a guest occupying his automobile unless the accident was proximately caused by intoxication, willful misconduct or gross negligence of the person operating the vehicle), the uninsured motorist went to sleep at the wheel, lost control of his car, and caused the accident which took the life of plaintiffs' daughter. To obtain recovery against the uninsured motorist in Nevada, plaintiffs would have had the burden of proving the guest passenger statute did not relieve the uninsured motorist of liability.
Since the uninsured motorist and plaintiffs were domiciled in Louisiana, plaintiffs made demand on their insurer F & C for $10,000 in uninsured motorist benefits written on plaintiffs' two cars, each of which was covered for $5,000. On its medical benefits coverage F & C had paid $1,000, but plaintiffs demanded an additional $1,000 in medical expenses contending this coverage should also be stacked. At trial plaintiffs dismissed this portion of their claim.
Prior to filing suit, plaintiffs directed F & C's attention to Jagers v. Royal Indemnity Company, 276 So.2d 309 (La. 1973) and pointed out that as in Jagers, plaintiffs' claim presents a false conflict of law questionone which occurs when only a single state has an interest in the application of its law, and the other state has no interest in the application of its law. See Jagers, 276 So.2d at 311. When F & C received this demand, they referred the file to Louisiana counsel. F & C was advised that if suit was filed in Louisiana the Nevada Guest Statute would not apply. However, F & C was advised that to protect its subrogation rights against the uninsured motorist, he would have to acquiesce *92 in this procedural issue either by consent or by judgment after trial.
F & C was informed that if the insurer paid the claim and then filed suit against the uninsured motorist, F & C's claim might be defeated on the basis that the facts in Jagers (both parties being Louisiana domiciliaries) might not apply where an insurance company domiciled elsewhere was seeking recovery from a Louisiana domiciliary. Brinkley & West, Inc. v. Foremost Insurance Company, 499 F.2d 928 (5th Cir. 1974) was cited to support the possibility that the general language in Jagers would permit a different decision under the facts of this case.
F & C's counsel quoted the language of LSA-R.S. 22:1406(D) which suggests in subsection 4 the means by which an insurer making payment under the uninsured motorist coverage may recover payment from the uninsured motoristout of the proceeds of a judgment or settlement obtained by the insured.
Counsel for F & C also discussed these matters with plaintiffs' counsel and suggested plaintiffs file suit against the uninsured motorist to determine whether the uninsured motorist would defend on these procedural points.
Plaintiffs filed suit against F & C. F & C's answer raised Nevada's guest statute defense against plaintiffs' claim, and F & C third partied the uninsured motorist. The uninsured motorist filed an exception of no cause of action. F & C amended its petition. Thereafter, the uninsured motorist filed a general denial to F & C's third party claim.
When the case was called for trial, plaintiffs dismissed their claim for the second $1,000 of (stacked) medical benefits. The uninsured motorist confessed judgment in favor of F & C, and F & C confessed judgment for $10,000 ($5,000 of uninsured motorist coverage on each of plaintiffs' two cars).
The case proceeded to trial on one issueare plaintiffs entitled to penalties and an attorney's fee under LSA-R.S. 22:658 where the insurer's right of recovery from the uninsured motorist could only be resolved by institution of litigation and establishment of that right by stipulations or by judgment? The trial court concluded, in effect, the stipulations at trial related back to the date the claim was filed, and concluded insurer's refusal to pay prior to trial was unreasonable and arbitrary.
The insurance policy is not in the record. Since plaintiffs recovered, it is assumed the policy provided coverage under Louisiana's standard automobile policy and conformed to LSA-R.S. 22:1406(D). The policy therefore provided protection of persons insured thereunder who are legally entitled to recover damages from owners or operators of uninsured motor vehicles because of bodily injury, sickness or disease, including death, resulting therefrom. When an insurer makes payment under this coverage, it is entitled to the proceeds of any settlement or judgment resulting from the exercise of rights or recovery of such person against any person or organization legally responsible for the bodily injury for which payment is made, up to the amount paid by insurer.
Unlike collision coverage which is also subject to subrogation, the uninsured motorist insurer is liable only if the third party is liable. The additional issue of the uninsured motorist's legal liability must be established before insurer is obligated to make payment.
As pointed out in State Farm Mutual Automobile Insurance v. Hecker, 271 So.2d 895 (La.App. 4 Cir. 1973) at 897, the insurer is required to prove both liability and damages to recover against the uninsured motorist.
When the case was called for trial, F & C learned for the first time it could *93 pay the claim with assurance the case would not be removed to Nevada. It agreed to pay the claim the same day. F & C's refusal to pay prior to that time was not unreasonable and arbitrary.
Finally, F & C's refusal to pay its insureds the additional $1,000 in medical benefits was vindicated when plaintiff dismissed this claim. There was nothing arbitrary about that action.
The trial court judgment awarding penalties and attorney's fees is reversed and set aside. Costs of this appeal are taxed to plaintiffs appellees.
Reversed and rendered.