370 So.2d 118 (1979)
Lee Allen HAYNES, D/B/A Lee Allen's Fashions For Men
v.
STANDARD FIRE INSURANCE COMPANY.
No. 12470.
Court of Appeal of Louisiana, First Circuit.
March 5, 1979.
*119 C. Kaywald Stafford and George M. Pierson, Baton Rouge, for plaintiff-appellant Lee Allen Haynes D/B/A Lee Allen's Fashions For Men.
Paul Marks, Jr., Baton Rouge, for defendant-appellee Standard Fire Ins. Co.
Dan E. West, Baton Rouge, for intervenor-appellee Genesco, Inc.
Peter T. Dazzio, Baton Rouge, for intervenor-appellee Finleigh Clothes & Congress Fact Corp.
Before ELLIS, CHIASSON and SARTAIN, JJ.
CHIASSON, Judge.
On October 13, 1976, a fire occurred at Lee Allen's Fashions for Men, located on Florida Boulevard in Baton Rouge, Louisiana. Plaintiff-appellant, Lee Allen Haynes d/b/a Lee Allen's Fashions for Men (Haynes), had a multi-peril insurance policy covering his store. The policy provided personal property coverage in the primary amount of $85,000.00 with a peak season endorsement in the amount of $15,000.00 and a gross earnings coverage in the amount of $60,000.00. On October 29, 1976, the appellant filed a proof of loss with the appellee. On December 20, 1976, appellant made demand for payment from the appellee. On December 29, 1976, appellant filed suit for breach of contract, seeking the full amount of coverage provided by the policy and statutory penalties, interest and attorney's fees as provided in La.R.S. 22:658. On December 30, 1976, after suit was filed, the insurance company offered an advance to the appellant of $25,000.00, which appellant refused. On November 9, 1977, the appellee deposited $107,000.00 in the registry of the court. By order dated December 16, 1977, the money deposited in the court registry was disbursed to the appellant's creditors. Trial on the matter was held on February 8, 9 and 10, 1978. On February 28, 1978, judgment was rendered awarding appellant penalty, interest and attorney's fees from August 1, 1977.
The appellant lists the following specifications of error:
1. The trial court erred in not finding that the $25,000.00 tender by the insurer to the insured was a conditional tender and not awarding penalty, interest and attorney's fees thereon.
2. The trial court erred in not awarding penalty, interest and attorney's fees on the insurer's "admitted liability" of $107,000.00.
3. The trial court erred in not allowing interest from the date of judicial demand.
4. The trial court erred in limiting the attorney's fees to $5,000.00.
5. The trial court erred in not allowing the insured to recover under the gross earnings coverage of the subject policy.
*120 The first four specifications of error relate directly or indirectly to the award and computation of the penalties, interest and attorney's fees awarded under La.R.S. 22:658. The second and fifth specification of error deal with the total amount of loss the appellant is entitled to. In order to compute the penalty, we must first determine the total amount of loss. Therefore, we will first address the second and fifth specification of error.
As to the second and fifth specification of error, appellant argued that at the minimum the penalty provided for in La.R.S. 22:658 should be computed on $107,000.00 since the insurer admitted this amount of obligation or liability under the policy provisions in its motion to deposit the funds in the court registry and in the pretrial order. Appellant also argued that he is entitled to the full amount of the policy benefits under the gross earnings coverage provided in the subject policy.
The insurance policy provided personal property coverage in the amount of $85,000.00, with a peak season endorsement thereon in the amount of $15,000.00, and also provided for gross earnings coverage in the amount of $60,000.00. The insurer had deposited $107,000.00 in the registry of the court, which breaks down as follows:

$ 85,000.00 personal property coverage
 15,000.00 peak season endorsement coverage
 7,000.00 gross earnings endorsement coverage
___________
$107,000.00 total amount deposited in the
 court registry.

Appellant argued he is entitled to the full coverage provided by the policy. We disagree. We find that appellant has received the proper amount of loss. As to any further amounts that might be obtained under the gross earnings endorsement coverage, we agree with the trial court's findings and conclusions as to this issue, as follows:
". . . Under the gross earnings endorsement of the policy, the defendant never received satisfactory proof of loss, so far as these earnings are concerned, and the plaintiff has failed to establish by a preponderance of evidence that he suffered any loss that would not be adequately covered by the seven thousand dollars that has already been paid by the insurance company to him."
We have reviewed the record and find there is a reasonable factual basis for the finding of the trial court and that the record establishes that this finding is not clearly wrong.
We find that the total amount of loss owed to appellant was $107,000.00 under the subject policy. We will discuss the computation of interest hereinafter. This disposes of appellant's second and fifth specification of error.
Having determined the total amount of loss due to appellant, the remaining specifications relating to penalty, interest and attorney's fees can now be addressed.
As to specification of error number one, La.R.S. 22:658 provides as follows:
"All insurers issuing any type of contract other than those specified in R.S. 22:656 and 22:657 shall pay the amount of any claim due any insured including any employee under Chapter 10 of Title 23 of the Revised Statutes of 1950 within sixty days after receipt of satisfactory proofs of loss from the insured, employee or any party in interest. Failure to make such payment within sixty days after receipt of such proofs and demand therefor, when such failure is found to be arbitrary, capricious, or without probable cause, shall subject the insurer to a penalty, in addition to the amount of the loss, of 12% damages on the total amount of the loss, payable to the insured, or to any of said employees, together with all reasonable attorney's fees for the prosecution and collection of such loss, or in the event a partial payment or tender has been made, 12% of the difference between the amount paid or tendered and the amount found to be due and all reasonable attorney's fees for the prosecution and collection of such amount. Provided, that all losses on policies covering automobiles, trucks, motor propelled vehicles and other property against fire and *121 theft, the amount of the penalty in each of the above cases shall be 25% and all reasonable attorney's fees." (Emphasis supplied)
On December 30, 1976, the appellee by letter sent a draft in the amount of $25,000.00 to appellant's attorney. The draft was made payable to the order of the following:
Lee Allen's Fashions for Men George M. Pierson (attorney for the appellant)

Capital Bank & Trust Co. Genesco, Inc. Fin Leigh Clothes
Appellant admits that Capital Bank and Genesco had perfected their claim under La.R.S. 9:4581[1] and La.R.S. 9:4582[2] and therefore had an interest in the draft. However, appellant argued that no showing or evidence was introduced demonstrating that Fin Leigh Clothes had, prior to the tendering of the check, complied with the provisions of the cited statutes.
The record reveals that this payment was tendered after suit was filed and appellant's allegations about Fin Leigh Clothes are correct. There was no showing or evidence introduced demonstrating a basis on which the check was also made payable to Fin Leigh Clothes. There is no evidence as to compliance by Fin Leigh Clothes with the provisions of La.R.S. 9:4581-4582. Additionally, John Pritchett, the insurer's senior claims representative and the author of the letter which contained the draft, could not explain why the check named Fin Leigh Clothes as a payee, other than the fact that he believed they were a creditor of the appellant.
We believe that the tender made to appellant was not an absolute and unconditional tender by virtue of the fact that a named payee on the draft was not shown to have an interest in the draft. Therefore, we find that appellee made the draft conditional and appellant is under no obligation to accept such a tender. For these reasons, we reverse the trial court's finding that the insurer is not subject to a penalty on the $25,000.00. We find that under La.R.S. 22:658 that the penalty of 12% is to be computed on the total amount of loss.
As to specification of error number four, we find that the amount awarded as attorney's fees to be adequate and find no abuse of the trial court's discretion in making this award. We do however feel that the preparation and argument of this case on appeal required additional time and labor for which appellant's attorney was evidently not compensated in the lower court judgment. We will allow an additional $1,500.00 in attorney's fees. Witherwax v. Zurich Insurance Company, 315 So.2d 420 (La.App. 3rd Cir. 1975).
As to specification of error number three, the trial court made the following award:
"I. There be judgment rendered herein in favor of the plaintiff, Lee Allen Haynes, d/b/a Lee Allen's Fashions for Men, and against the defendant, Standard Fire Insurance Company, for penalty, interest and attorney fees, pursuant to *122 LSA-R.S. 22:658, from August 1, 1977, in the amount of $9,000.00 for penalty and interest and $5,000.00 for attorney fees, until paid, and for all costs of these proceedings;"
In oral reasons for judgment the trial court found that sometime in July of 1977 the insurer had enough information to determine an amount of money owed to appellant under the policy; the insurers should have submitted a tender to appellant within sixty days of this determination; and the insurer did not submit a figure for appellant to consider until six months later, January of 1978. On this basis the trial court found the appellee to have been arbitrary and capricious as provided in La.R.S. 22:658 and provided that interest on the amounts awarded was to run from August 1, 1977, until paid.
Appellant argued that he is entitled to interest from the date of judicial demand. Appellant also argued that two errors were made in the trial judge's oral reasons for judgment: the first, being May of 1977 instead of July of 1977 as the date the insurer had the information needed to determine the amount due under the policy; the second, tender was finally made to appellant in November of 1977 by depositing in the registry of the court $107,000.00 and not a tender made in January of 1978.
Appellee argued that the trial court awarded penalties from the time it felt the insurer had sufficient information up to the time that the $107,000.00 was deposited into the registry of the court.
Since the trial court's judgment is unclear as to certain portions of this issue, we will take this specification of error in steps.
First, we find that the trial court was correct in its finding that after the sixty days from the proof of loss submitted, the insurance company was justified, initially, in not paying the appellant. We find the following facts to support this conclusion: the ongoing arson investigation and the documentation provided by appellant with his proof of loss, particularly in regard to the gross earnings coverage. However, after a point, the appellee was arbitrary and capricious in refusing to offer payment to the appellant.
Secondly, we find two errors involving dates in the trial court's oral reasons for judgment. We find that these errors were made by mistake or typographical error. The trial court found that as of July of 1977 the insurance company had all of the information it could obtain to determine the amount of loss and therefore by August of 1977, the insurer should have made some attempt at submitting an amount for appellant's consideration. The record reveals that by the end of May of 1977, the insurance company had all of the information necessary for the proof of loss. Therefore, the sixty days as specified in La.R.S. 22:658 would have run by the end of July. We find that as of August 1, 1977, the appellee was arbitrary and capricious in not paying the claim and that interest on the amounts awarded should commence as of August 1, 1977. Additionally, the trial court found that the insured tendered payment in January of 1978. From the record, we find that by motion dated November 7, 1977, signed by the trial court, the insurer deposited $107,000.00 into the registry of the court.
Having made these corrections, we will commence the running of interest due from August 1, 1977.
Thirdly, we cannot determine from the trial court's judgment (1) on what amount he calculated the penalty, and (2) what he meant by awarding $9,000.00 for penalty and interest. Since we have all of the facts before us to determine the proper award, we will do so:
1. $107,000.00 is the amount of loss on which the 12% penalty should be calculated [the penalty being $12,840.00].
2. Appellant owes legal interest on the total of the following amounts from August 1, 1977, through November 7, 1977:

*123
$107,000.00 - total amount of loss
 12,840.00 - 12% penalty
 5,000.00 - attorney's fees
___________
$124,840.00

We stop the legal interest running on the figure of $124,840.00 on November 7, 1977 since by depositing the money in the registry of the court, the appellee has made it available to the appellant.
3. Beginning with November 8, 1977, and continuing until it is paid, legal interest is owed on the total of the following amounts:

$12,840.00 - 12% penalty
 5,000.00 - attorney's fees
__________
$17,840.00

4. Interest on our award of $1,500.00 attorney's fees, begins to run as of the date of this decision.
5. The trial court's award of court costs is affirmed.
As specified above, the judgment of the trial court is affirmed in part, reversed in part, and amended in part. Costs of this appeal are to be paid by the appellee.
AFFIRMED IN PART, REVERSED IN PART, AND AMENDED IN PART.
NOTES
[1] La.R.S. 4581 provides:

"The holder of a vendor's privilege on movable property which is destroyed by fire has a privilege to the amount of the unpaid portion of the purchase price on the claim or money due the owner or vendee under policies of insurance covering that property. This privilege has the rank of a vendor's privilege on the thing sold and is superior in rank to any privilege growing out of the attachment, garnishment, or seizure of the claim or money."
[2] La.R.S. 4582 provides:

"In order to protect the privilege provided in R.S. 9:4581, the vendor, his heirs, or assigns shall give, at any time prior to the payment of the amount due under the policies, written notice to the insurer of the existence of the claim and state under oath the amount thereof. On the receipt of this notice the insurer shall give written notice to the assured of the filing of the vendor's claim, and in the event of a dispute between the vendor and his vendee, or of any one claiming adverse interest under oath, the insurer shall deposit, subject to the right of all parties in interest, the amount due under the policies in the registry of the court having jurisdiction in any suit that may be brought on the policies to recover the amount due thereunder. Having made the deposit, the insurer shall be relieved of further responsibility."