433 So.2d 709 (1983)
Jack AINSWORTH In his Capacity as the Administrator of the Estate of His Minor Child, Denise Ainsworth
v.
GOVERNMENT EMPLOYEES INSURANCE COMPANY, et al.
No. 83-C-0853.
Supreme Court of Louisiana.
June 10, 1983.
PER CURIAM.
The sole issue presented in plaintiff's writ application is whether the Court of Appeal erred in awarding legal interest due to plaintiff from Aetna Casualty and Surety Company, plaintiff's uninsured motorist insurance carrier, from the date of judgment rather than from the date of judicial demand.
On May 23, 1983 this court handed down decisions in the consolidated cases of Block v. Reliance Insurance Co. and Faria v. Smoak, 433 So.2d 1040 (La.1983). In both cases we determined the plaintiffs were entitled to uninsured motorist insurance benefits.[1] In our decrees, we reinstated the judgments of the district courts, in effect allowing legal interest from the dates of judicial demand.
In the Block and Faria cases the date interest was to begin was not an issue, was briefed only by one defendant, but was not argued nor discussed in our opinion. That ruling was correct in allowing legal interest from date of judicial demand.
This writ is granted, and there is now judgment in favor of plaintiff Ainsworth for legal interest on the judgment against Aetna Casualty and Surety Company from date of judicial demand until paid, at Aetna's cost; otherwise, the judgment of the Court of Appeal is affirmed, 427 So.2d 1220.
NOTES
[1] On May 23, 1983 the application of Sentry Insurance Company, arguing that interest on an uninsured motorist coverage award was contractual in nature and should run from date of judgment, was denied. Chiasson v. Whitney, 427 So.2d 470 (La.App.1983), writ denied, 433 So.2d 179 (La.1983).