452 So.2d 801 (1984)
Chester DARBONNE, Plaintiff-Appellee,
v.
SAFECO INSURANCE COMPANY OF AMERICA, Defendant-Appellant.
No. 83-697.
Court of Appeal of Louisiana, Third Circuit.
June 27, 1984.
*802 Trimble, Randow, Percy, Wilson & Foote, James T. Trimble, Jr. and Elizabeth E. Foote, Alexandria, James Shelton, Lafayette, for defendant-appellant.
*803 David Carriere, Opelousas, for plaintiffappellee.
Before CUTRER, DOUCET and YELVERTON, JJ.
DOUCET, Judge.
In this personal injury action against an uninsured motorist carrier, the jury awarded plaintiff damages, statutory penalties, and attorney's fees. From that judgment, the defendant-insurer appeals and the plaintiff has answered the appeal, seeking an increase in attorney's fees. We amend and affirm.
On September 22, 1981, the plaintiff, Chester Darbonne, received personal injuries arising from an automobile accident when his vehicle was struck from the rear as it was stopped by a vehicle which in turn was struck from the rear. The tortfeasor was an uninsured motorist. Mr. Darbonne was driving a vehicle owned by his employer, Newport Trucking Company, and that vehicle was not covered by uninsured motorists coverage. Subsequently suit was filed for personal injuries, medical expenses, and lost wages suffered by Mr. Darbonne. Named defendant was Mr. Darbonne's uninsured motorists carrier, Safeco Insurance Company of America. After trial by jury, the plaintiff was awarded the sum of $4,500 for lost wages, $900 for medical expenses, and $10,500 for physical and mental pain and suffering. Additionally, the jury answered yes to the question of whether Safeco Insurance Company was arbitrary, capricious, and without probable cause in its settlement negotiations with its insured, Chester Darbonne. The trial judge rendered judgment awarding plaintiff $15,000 (the policy limits) with statutory penalties of 12% of that sum and the sum of $5,000 as reasonable attorney's fees. In addition, interest was awarded from the date of judicial demand until paid. Safeco Insurance Company was given a credit of $7,521.00 due to a partial payment made on July 15, 1982. Penalties were assessed based on the entire $15,000 found due by the jury.
Following the accident, plaintiff was seen by Dr. Albon Young and his associate, Dr. Rivette, of Lafayette, La. Dr. Young testified that he saw the plaintiff the day after the accident and he was suffering from headaches and neck discomfort and numbness along the ulner aspect of his right hand. Plaintiff further complained of abdominal pain. Plaintiff related that he had been knocked unconscious momentarily at the time of the accident. Dr. Young's examination indicated tenderness on the back of the neck, cervical spine area, and either side of the base of the skull. Dr. Young's impression was that the plaintiff had suffered a cervical strain or a lumbar radiculopathy. Physical therapy was recommended, and the use of a cervical collar along with pain medication was prescribed. Two weeks later on October 7, 1981, Dr. Young again saw plaintiff, who continued to have complaints of pain in the shoulder and neck areas. Dr. Young recommended a myelogram; however, due to plaintiff's fears of such an operation, the myelogram was never performed. At the time of trial, the plaintiff continued to have pain in the neck and shoulder and Dr. Young testified that he could be expected to have the same for some time.
The appellant specifies the following assignments of error: 1) The jury erred in awarding $10,500 to the plaintiff for his pain and suffering in view of the limited medical testimony based on six weeks of treatment when the total amount of medical expenses was only $902.52. 2) The trial court erred as a matter of law in its application of the penalties and attorney's fees provision of R.S. 22:658 to an uninsured motorist's insurer whose liability arises ex delicto rather than ex contractu. 3) In the alternative, the trial court erred in assessing legal interest against defendant from the date of judicial demand instead of from the date of judgment. 4) In the alternative, the jury erred in finding that the statute applied under the facts of this case where less than sixty days had lapsed from the time the plaintiff submitted all elements of proof and the time from which the defendant tendered the sum of $7,521.00. *804 5) Alternatively, the appellant contends that the trial court erred in assessing the percentage of penalties on the entire amount of the judgment without first giving credit to the appellant for the amount tendered.
Before a trial court award can be questioned as inadequate or excessive, a reviewing court must look first not to prior awards, but to individual circumstances of the present case. Only after analysis of the facts and circumstances peculiar to an individual case or plaintiff may a reviewing court determine that the award is excessive. Thus, the initial inquiry must always be directed at whether the fact-finder clearly abused their much discretion. La.C.C. art. 1934(3); Reck v. Stevens, 373 So.2d 498 (La.1979); Coco v. Winston Industries, Inc., 341 So.2d 332 (La.1976). We have reviewed the record and find no manifest abuse of discretion in the jury's award of $10,500 for pain and suffering.
With regard to appellant's contention that the trial court erred in applying La.R.S. 22:658 to an uninsured motorist insurer, we note that R.S. 22:658 has been held applicable to an uninsured motorist's arbitrary, capricious, failure to pay. See: Stewart v. Wood, 153 So.2d 497 (La.App. 1st Cir.1963); Rogers v. State Farm Mutual Automobile Insurance Company, 217 So.2d 690 (La.App. 3rd Cir.1969); Schoelen v. Fidelity & Casualty Company, 318 So.2d 90 (La.App. 3rd Cir.1975), writ denied 322 So.2d 780 (La.1975); Soniat v. State Farm Mutual Auto. Ins. Co., 340 So.2d 1097 (La.App. 4th Cir.1976); Flowers v. Lloyd's of London Insurance Company, 364 So.2d 650 (La.App. 2nd Cir.1978); Hawthorne v. Southeastern Fidelity Insurance Company, 387 So.2d 26 (La.App. 3rd Cir.1980); and Day v. Coca-Cola Bottling Co., Inc., 420 So.2d 518 (La.App. 2nd Cir. 1982). § 658 specifically provides that "All insurers issuing any type of contract other than those specified in R.S. 22:656 and 22:657 shall pay the amount of any claim due any insured including any employee under Chapter 10 of Title 23 of the Revised Statutes of 1950 within sixty days after receipt of satisfactory proofs of loss from the insured, employee or any party in interest." Clearly, R.S. 22:658 makes no exemption for uninsured motorist's insurance carriers but rather mandates that they, like other insurers, pay insurance proceeds promptly when due or be subject to the penalty provisions therein.
Nevertheless, appellant contends R.S. 22:658 has no application to an uninsured motorist carrier inasmuch as its obligation arises out of tort rather than contract, citing in support thereof Stroud v. Liberty Mutual Insurance Co., 429 So.2d 492 (La. App. 3rd Cir.1983). We find no merit in appellant's contention. In Johnson v. Fireman's Fund Insurance Co., 425 So.2d 224 (La.1982) the Louisiana Supreme Court had occasion to decide whether a worker's compensation carrier had a cause of action to recover from either the employer's or employee's uninsured motorist carrier. In discussing the relationship between the tortfeaser and the uninsured motorist carrier, the court stated: "Subject to conditions not granted the tortfeaser, the uninsured motorist carrier is independently obliged to repair the same damage which the tortfeaser has wrongly caused." Among the conditions not granted the tortfeaser are the rights and privileges provided by R.S. 22:658. Thus, the trial judge properly applied R.S. 22:658 to the case herein. We note also that since the rendition of the Johnson and Stroud decisions cited above, our Supreme Court in Hart v. Allstate Insurance Company, 437 So.2d 823 (La. 1983), has specifically reiterated that La. R.S. 22:658 is applicable to an uninsured motorist claim.
Appellant's contention that interest should run from the date of judgment rather than date of judicial demand is totally without merit. See: Ainsworth v. Government Employees Insurance Company, 433 So.2d 709 (La.1983); Stroud v. Liberty Mutual Insurance Company, supra; Block v. Reliance Insurance Company, 433 So.2d 1040 (La.1983). It is well established that legal interest attaches from the date of judicial demand under the circumstances *805 herein. See also: Chiasson v. Whitney, 427 So.2d 470 (La.App.1983), writ denied 433 So.2d 179 (La.1983).
Next, appellant contends that the trial court erred in applying R.S. 22:658 inasmuch as its conduct was neither arbitrary, capricious, or without probable cause. Furthermore, appellant contends that sixty days had not elapsed between submitting proof of claim and the insurer's subsequent tender of $7,521.00. As aforementioned, the accident occurred on September 22, 1981. Elo Whitmore, the claims adjuster for the defendant, testified that she received notification of the claim and opened a file on November 17, 1981. She acknowledged receiving copies of the medical bills along with the original letter of representation. Mrs. Whitmore also acknowledged receiving a letter of January 6, 1982 wherein demand for payment under the medical payments provision and the uninsured motorist provisions of the policy was made and a settlement was proposed. It was not until February 25, 1982 that Mrs. Whitmore requested copies of the medical reports. In addition, she acknowledged that although the policy of insurance from Wausau Insurance Company was tendered to her, she waited three to four weeks before picking it up and also waited until March 17th for verification that the uninsured motorist coverage had been rejected in writing by Newport Trucking Company. Malcolm MacGregor took over the file in the early part of April 1982 and on April 15, 1982, written rejection of uninsured motorist coverage was received from the plaintiff's employer's insurer. Settlement offers were made on June 18th and again on June 28th. Both contemplated full settlement. The unconditional draft was not written until June 30, 1982 and it was not received and presented for acceptance until July 5, 1982 by Mr. Darbonne. Mr. MacGregor acknowledged the bank upon which the draft was drawn did not issue instructions to pay the draft until July 18, 1982.
From the aforegoing it is apparent the payment was not made within sixty days from receipt of proof of loss as required by R.S. 22:658. The jury unanimously agreed that the defendant was arbitrary, capricious, and acting without probable cause in settlement negotiations with the insured. The trier of fact's conclusion with regard to assessment of penalties and attorney's fees is partially a factual determination which should not be disturbed absent the finding that it is manifestly in error. Atlee v. Stone & Webster Engineering, Inc., 428 So.2d 569 (La.App. 3rd Cir.1983); Carter v. American Mutual Liability Insurance Co., 386 So.2d 1072 (La. App. 3rd Cir.1980).
Concerning appellant's claim that the penalties should have been assessed on the difference between the amount tendered and the amount found due we note that 22:658 provides that in the event of partial payment or tender, penalties shall be made in the sum of 12% of the difference between the amount paid or tendered and the amount found to be due, plus reasonable attorney's fees. However, the partial payment provisions of 22:658 only apply when such payment has been made within 60 days after receipt of proof of claim and demand therefor. Given the evidence presented, the fact-finder obviously determined that the partial payment was not timely made and we have no difficulty in concluding such a result is free from manifest error.
Plaintiff has answered the appeal, seeking an increase in attorney's fees. An increase in attorney's fees for services on appeal is usually awarded when the defendant appeals and obtains no relief and the plaintiff requests an increase in accordance with proper appellate procedures. Gagnard v. Travelers Insurance Company, 380 So.2d 191 (La.App. 3rd Cir.1980); Haynes v. Standard Fire Insurance Company, 370 So.2d 118 (La.App. 1st Cir.1979). We find that an award of $500 will adequately compensate counsel for its efforts on appeal. Accordingly, the judgment appealed is amended to award a total sum of $5,500.00 as attorney's fees.
*806 For the reasons assigned hereinabove, the judgment is affirmed as amended.
AFFIRMED AS AMENDED.