LANIER, Judge,
concurring in part and dissenting in part.
I agree with the majority that assignment of error 1 is without merit. For the reasons hereinafter assigned, I dissent from the result reached in assignment of error 2.
The Louisiana Farm Bureau Mutual Insurance Company (Farm Bureau) had a contract with Gilbert Porche to provide him with uninsured motorist (UM) insurance coverage. The legal relations and obligations between Farm Bureau and Porche are controlled by that contract and the statutes relating thereto. Booth v. Fireman’s Fund Insurance Co., 253 La. 521, 218 So.2d 580 (1968). La.R.S. 13:4203 provides that in tort cases legal interest runs from the date of judicial demand until paid. However, since this is a contract, and not a tort, case between Farm Bureau and Porche, La.R.S. 13:4203 is not applicable. Trans-Global Alloy Limited v. First National Bank of Jefferson Parish, 583 So.2d 443, 457 n. 9 (La.1991). As between Farm Bureau and Porche, we must look to the law of contract to determine when Farm Bureau’s obligation to pay Porche becomes due and when Porche is entitled to recover interest on any amounts paid. La.C.C. arts. 1989, 1991, 1994 and 2000 and La.R.S. 22:658 are applicable, and as statutes, they should be construed in pari materia with each other. See the general rules of statutory interpretation found in Suhr v. Felter, 589 So.2d 583 (La.App. 1st Cir.1991), writ denied, 590 So.2d 596 (La.1992).
The contract (insurance policy) between Farm Bureau and Porche could have provided for the payment of interest. Capital Bank & Trust Company v. Equitable Life Assurance Society of the United States, 542 So.2d 494, 497 n. 10 (La.1989). However, as observed by the majority, Farm Bureau’s policy (contract) is not in the record before us. In the absence of express contractual provisions, the general law of contracts controls the entitlement to interest (legal relations) between the parties.
The cases of Alexander v. Burroughs Corporation, 359 So.2d 607 (La.1978) and Mini Togs Products, Inc. v. Wallace, 513 So.2d 867 (La.App. 2nd Cir.), writs denied, 515 So.2d 447, 451 (La.1987) discuss the general law of when a litigant is entitled to interest on a damage award in a breach of contract action. Alexander was a redhibi-tory action arising from the sale of a computer. Counsel for the plaintiff made formal demand on the defendant for rescission of the sale on June 29, 1972. Suit was filed on October 25, 1972. On March 8, 1977, the trial court rendered judgment in favor of the plaintiff and ordered rescission of the sale. The court of appeal modified the trial court’s judgment and gave legal interest on the plaintiff’s award from the date of the trial court’s judgment (March 8, 1977). The plaintiff sought supervisory relief from the Louisiana Supreme Court, asserting that he was entitled to legal interest from date of judicial demand (October 25, 1972), rather than from date of judgment. The defendant responded that, since the sale was not rescinded until there was a judgment ordering it, interest should not run until the date of judgment. The court ruled the plaintiff was entitled to legal interest from the date the demand for rescission was made (June 29, 1972) with the following rationale:
One of the incidents of the obligations of contracts is that the one who violates those obligations is liable for damages “which the other party has sustained by his default.” C.C. 1930. Damages are due “from the moment” of an active violation of a contract (C.C. 1932) and from “the time that the debtor has been put in default” when the breach has been passive. C.C. 1933. A debtor may be put in *539 default “either by the commencement of a suit, by a demand in writing.or in other ways. C.C. 1911. The damages due for delay in the performance of an obligation to pay money are called interest.” C.C. 1935. “All debts shall bear interest at the rate of seven per centum per annum from the time they became due, unless otherwise stipulated.” C.C. 1938.
[[Image here]]
Except for attorneys’ fees we find that plaintiffs’ claim was ascertainable on the date of formal demand for “cancellation” of the purchase by letter dated June 29, 1972 from the attorney for Percy Alexander to Burroughs Corporation when defendant was put in default,5 and hence interest should run from that date, rather than from date of judgment or from date of judicial demand. The amount of attorneys’ fees due was not ascertainable until awarded by the court, and interest, therefore, will run on that demand only from the date awarded.
5- This is to be contrasted with an action in quantum meruit where the amount is not ascertainable until the date of judgment. See Sugar Field Oil Co., v. Carter, 214 La. 586, 38 So.2d 249 (1949); Brummett v. Hamel’s Dairy, Inc., 324 So.2d 502 (2d Cir.1975); Custom Builders & Supply, Inc. v. Revels, 310 So.2d 862 (3d Cir.1975); Pittman & Matheny v. Davidge, 189 So.2d 706 (1st Cir.), writ denied, 249 La. 768, 191 So.2d 143, 249 La. 771, 191 So.2d 144 (1966).
(Bolding added; footnote omitted)
Alexander, 359 So.2d at 613-614.
The essence of the court’s ruling is that the seller in a redhibitory action is put in default when a written demand for rescission is made, the claim is due (ascertainable) when the seller is put in default, and the buyer is entitled to legal interest on his claim from that point in time until paid. Claims for penalty attorney fees (and claims for quantum meruit) are not ascertainable (due) until the date of judgment, and legal interest on such claims only commences at that time.
Mini Togs is a suit for damages for failure to perform a building contract in a workmanlike manner. The contract was entered into on December 29, 1980. Suit was filed on April 14, 1982. The facts recited in the court of appeal opinion do not show that the defendants were put in default prior to the filing of suit and do not show the time when the defendants failed to perform (breached) their contractual obligations. The trial court rendered judgment in favor of the plaintiff and granted legal interest on the award from the date of judicial demand. The defendants appealed and asserted, among other things, that the trial court erred by granting interest from date of judicial demand. The defendants contended that their liability was uncertain and the damages were unascertainable until there was a trial court judgment, and, thus, legal interest should not run until that time. The court discussed Alexander and affirmed the trial court interest award with the following rationale:
In using the term “ascertainable” the court did not mean that the precise amount of the claim need be liquidated or established without dispute in order for legal interest to commence in a contract claim. In the Alexander case the amount of recovery was in dispute throughout with the amount awarded by the district court being changed by the court of appeal and then again by the supreme court. What was meant was that a debt or claim for the payment of money or damages under a contract is ascertainable and becomes due on the date an active violation occurred or the obligor was put in default, which can be earlier but never later than judicial demand, and legal interest runs from that date.
[[Image here]]
Applying this analysis to the instant case, defendant is liable to plaintiff for damages sustained by defendant’s fault. These damages were due from the moment of active violation of the contract or from the time defendant was put in default which was no later than the commencement of the suit. Defendant’s debt or obligation to pay money *540 damages bears legal interest from the time the damages were due.
The same result would be reached under the Civil code articles on obligations as revised effective January 1, 1985. An obligor is liable for the damages caused by his failure to perform a conventional obligation. LSA-C.C. Art. 1994. Damages for delay in the performance of an obligation are owed from the time the obligor is put in default and other damages are owed from the time the obligor has failed to perform. LSA-C.C. Art. 1989. One of the ways an obligee may put an obligor in default is by filing suit for performance. LSA-C.C. Art. 1991. For delay in performance of the obligation to pay damages, legal interest on the amount of damages is payable from the time the damages were due. LSA-C.C. Art. 2000.
[[Image here]]
We hold that legal interest is due at least from date of judicial demand on a claim for damages arising out of a breach of contract, regardless of whether the precise amount of the claim is unliq-uidated, disputed or not ascertainable with certainty at the time suit is filed. The judgment in this case awarding legal interest from date of judicial demand is correct.
(Bolding added.)
Mini Togs, 513 So.2d at 873-875.
The due date of the obligation in Mini Togs was not controlled by the contract between the parties or by a special law such as La.R.S. 22:658. The award of legal interest from date of judicial demand in Mini Togs is correct because there was no evidence of an active violation of the contract (or a failure to perform), or a putting in default, prior to the time that the defendants were put in default by the filing of suit for performance (judicial demand).
To determine when legal interest commences to run in this case, we must determine when the insurer’s obligation to pay the claims of the insured becomes due (ascertainable), that is, when did the insurer breach its obligation to pay the UM claim.
Policies of insurance issued in Louisiana contain all provisions required by statute. Block v. Reliance Insurance Company, 433 So.2d 1040 (La.1983). Although the parties to an insurance contract are free to negotiate terms more favorable to the insured, they may not negotiate for terms inconsistent with or contrary to law. Fisher v. Morrison, 519 So.2d 805 (La.App. 1st Cir.1987). At all times pertinent hereto, Farm Bureau’s obligation to pay UM benefits to Porche was controlled by La.R.S. 22:658(A), a special law which provided as follows:
AH 'insurers issuing any type of contract, other than those specified in R.S. 22:656 and R.S. 22:657, shall pay the amount of any claim due any insured, including any employee under Chapter 10 of Title 23 of the Revised Statutes of 1950, within sixty days after receipt of satisfactory proofs of loss from the insured, employee or any party in interest. (Bolding added)
A claim pursuant to an insurance contract which is controlled by La.R.S. 22:658 becomes due as a matter of law (which is incorporated into the contract) no later than 60 days after a satisfactory proof of loss has been submitted. Trico Services Corporation v. Houston General Insurance Co., 414 So.2d 1313 (La.App. 2nd Cir.), writ denied, 420 So.2d 165 (La.1982); Haynes v. Standard Fire Insurance Company, 370 So.2d 118 (La.App. 1st Cir.1979). There is no breach of the obligation to pay until that time. As a matter of law under La.R.S. 22:658, a UM claim is not due (and interest on the claim is not due) until 60 days after the insured submits a satisfactory proof of loss.
To comply with La.R.S. 22:658, a UM insured (Porche) must submit to a UM insurer (Farm Bureau) a satisfactory proof of loss consisting of evidence establishing that (1) the owner or operator of the other vehicle involved in the accident was uninsured or underinsured, (2) the other driver was at fault, (3) the fault caused damages to the insured, and (4) the extent of the damages. Hart v. Allstate Insurance Company, 437 So.2d 823 (La.1983); W. McKenzie and H. Johnson, Insurance Law *541 and Practice, 15 Louisiana Civil Law Treatise, § 131, pp. 274-275 (1986). Further, if the insured submits sufficient evidence to establish the first three elements of a satisfactory proof of loss, but there is a dispute over the amount (or extent) of the damages, the insurer must nevertheless unconditionally tender to the insured a payment for damages in “a figure over which reasonable minds could not differ.” McDill v. Utica Mutual Insurance Company, 475 So.2d 1085, 1092 (La.1985); W. McKenzie and H. Johnson, supra, pp. 46-47 (1990 Pocket Part). After a satisfactory proof of loss has been submitted by a UM insured (Porche), a UM insurer (Farm Bureau) has 60 days in which to pay the claim. The payment of the claim does not become overdue and the obligation to pay breached, until the 61st day after the satisfactory proof of loss is submitted. Under La.R.S. 22:658, the UM insurer has no legal obligation to pay the claim, the claim is not due, and the obligation to pay is not breached, until the 60 day period has run. Because the UM claim is not due and payable until 60 days after submission of satisfactory proof of loss, the insured is not entitled to contractual legal interest on his claim (in the absence of a contractual provision to the contrary) until the 60 day period has run. La.C.C. arts. 1989,1991,1994 and 2000.
The accident in this case occurred on October 11, 1984. This suit was filed (and judicial demand made) on August 27, 1985. The trial was held on March 4, 1987, and Farm Bureau tendered the $50,000 to Porche on that same date. The trial court’s reasons for judgment were filed on June 20, 1990. The original judgment was filed on June 27, 1990.
The record before us on appeal is limited. Only Porche appealed; Farm Bureau did not appeal or answer the appeal. Pursuant to the authority of La.C.C.P. art. 2128, Porche designated as the record on appeal (1) the petition, (2) the reasons for judgment, (3) the original judgment and the two amended judgments, (4) the motion and order for appeal, and (5) the pleading designating the record. Farm Bureau did not file a supplemental designation. However, it appears from the reasons for judgment that Porche did not submit a satisfactory proof of loss herein prior to the trial and the tender on March 4, 1987. The reasons for judgment reveal the following pertinent facts:
Plaintiff asserts a claim for penalties and attorney’s fees for defendant’s alleged arbitrary and capricious handling of plaintiff’s demand for damages. No tender was made prior to the commencement of trial on March 4, 1987. During trial, defendant tendered $50,000.
Plaintiff received $100,000 from the liability carrier. Therefore, to determine whether any tender was due, the plaintiff must show that reasonable minds could not disagree that damages in excess of $100,000 were due.
The court finds at this point that defendant cannot be considered arbitrary and capricious for refusing to tender any amount in light of the testimony of Dr. Levy which questions the existence of much of plaintiff’s spinal defects and the causal relationship of those defects to the accident. However, the defendant had not obtained Dr. Levy’s testimony prior to the trial on March 4, 1987. The defendant’s position prior to that time must be examined to determine if, at any point earlier in the handling of the claim, defendant was arbitrary and capricious in failing to make a tender considering what information was in defendant’s possession at that time or was accessible by appropriate investigation of the claim.
At the time of the trial, prior to the record’s being held open for further testimony, plaintiff’s thoracic disc problem had not even been diagnosed. The complaints of chest pain which plaintiff developed after the trial have not been proved to relate to his accident. The primary problem at the time of trial was plaintiff’s cervical disc injuries and the aggravation of his prior lumbar condition.
The court further finds that liability was not an uncontested issue and that defendant’s litigating the question of plaintiff’s contributory negligence was *542 not unreasonable. Thomas Waldrip testified that plaintiff slammed on his brakes and came to a sudden, unwarranted stop. Had the court believed Mr. Waldrip’s testimony, there could have been a finding of substantial contributory negligence on plaintiffs part.
The court does not find that plaintiffs damage claim was certain to exceed $100,000 at any point in this litigation. Reasonable minds could have differed as to plaintiffs contributory negligence and the severity of his injuries, particularly since plaintiff had significant lumbar injuries prior to the 1984 accident. Therefore, the court does not find that plaintiff has proven a case for attorney’s fees and penalties.
In brief, Porche states that “Plaintiffs do not dispute the facts as found by trial court.” Filing suit on August 27, 1985, did not constitute a proper putting in default on the UM claim because the claim was not due and the contract was not breached at that time. An action is premature when it is brought before the right to enforce it has occurred. La.C.C.P. art. 423.
If Porche did not submit a satisfactory proof of loss prior to the trial and tender on March 4, 1987, then the UM claim was not due until that time. If the UM claim was not due until on or after the date of tender (March 4, 1987), then no interest was owed on the claim when the tender was made. In this posture, the $50,000 tender made on the UM claim is properly imputed to principal under La.C.C. art. 1866.
However, this result can not be reached in the procedural posture of this case. In his petition, Porche prayed for interest from date of judicial demand (August 27, 1985). In the second amended judgment, the trial court gave Porche legal interest on his total UM claim of $326,917.42 as follows:
FURTHER, IT IS ORDERED, ADJUDGED AND DECREED that there be judgment in the amount of TWO HUNDRED SEVENTY-SIX THOUSAND, NINE HUNDRED SEVENTEEN AND 42/100 ($276,917.42), in favor of plaintiff, Gilbert Porche, and against defendant, Louisiana Farm Bureau Mutual Insurance Company with interest from August 27, 1985 until paid.
IT IS FURTHER ORDERED, ADJUDGED AND DECREED that there be judgment in favor of plaintiff, Gilbert Porche, and against defendant, Louisiana Farm Bureau Mutual Insurance Company in the amount of NINE THOUSAND FIFTY AND 01/100 DOLLARS ($9,050.01), which sum represents the interest on $50,000.00 from date of judicial demand, August 27, 1985 through March 4, 1987 when the $50,000.00 tender was made.
Compare Burton v. Foret, 498 So.2d 706 (La.1986); Ainsworth v. Government Employees Insurance Co., 433 So.2d 709 (La.1983); W. McKenzie and H. Johnson, supra, § 132; W. McKenzie and H. Johnson, Developments in the Law 1988-1989, Insurance, 50 La.L.Rev. 253-254 (1989). Farm Bureau has not appealed or answered the appeal, and this part of the judgment is now final and definitive. Thus, under the judgment as rendered, pre-judgment interest commenced to run on the total UM award on August 27, 1985 (the date of judicial demand), and, when the tender was made on March 4,1987, interest was due on the total UM award. There is nothing in the abbreviated record before us that shows that Porche consented to impute the tender to principal, rather than interest. Thus, pursuant to La.C.C. art. 1866, the $50,000 tender must be imputed first to the interest due on March 4, 1987, on the total UM award of $326,917.42, and then to the principal.
For the foregoing reasons, I respectfully dissent in part.