627 So.2d 141 (1993)
Bobby J. RIDENOUR, et al.
v.
WAUSAU INSURANCE COMPANY, et al.
No. 93-C-0445.
Supreme Court of Louisiana.
November 29, 1993.
Rehearing Denied January 6, 1994.
Saundra D. Alessi, Dennis R. Whalen, Baton Rouge, for applicant.
Pamela A. Moses-Laramore, Franklin, Moore & Walsh, Richard Thomas Reed, Lane, Fertitta, Lane & Tullos, Thomas A. Lane, Richard S. Thomas, Baton Rouge, for respondent.
MARCUS, Justice.[*]
On August 3, 1980, Brenda Ridenour (Brenda) was injured while riding as a guest passenger on the back of a motorcycle owned as separate property by her husband, Bobby J. Ridenour (Bobby). The accident occurred when the motorcycle collided with a vehicle operated by Sidney Webre. Brenda and Bobby filed suit against Webre and his insurer, Wausau Insurance Co. (Wausau), on July 9, 1981.[1] On July 30, 1986, Brenda filed a pleading styled as "Cross Complaint of Brenda Ridenour Against State Farm Mutual Automobile Insurance Company." In that pleading, she alleged that State Farm Mutual Automobile Insurance Co. (State Farm) provided $10,000 in uninsured motorist (UM) coverage on Bobby's separately owned motorcycle and $100,000 in UM coverage on a 1980 Chevrolet owned by the community between her and Bobby and that under La.R.S. 22:1406, the insurance on the motorcycle, as primary UM coverage, and the insurance on the 1980 Chevrolet, as excess UM coverage, was available to her. She further alleged *142 that the insurance of the primary tortfeasor was not sufficient to cover all of her damages. Subsequently, Brenda entered into a settlement with Webre and Wausau for $100,000. On October 21, 1986, upon Brenda's motion, the trial court signed a judgment dismissing Webre and Wausau with prejudice, with full and complete reservation of rights against State Farm. On December 17, 1986, State Farm made an "unconditional tender" to Brenda in the amount of $10,000.
On July 29, 1991, the case was tried before a jury, with State Farm as the sole defendant. The jury rendered a verdict in the amount of $145,000. The trial court rendered judgment on September 6, 1991 in favor of Brenda and against State Farm in the amount of $45,000, "with legal interest from judicial demand until paid, subject to a credit of $10,000 previously paid, imputed to interest." [emphasis added]. On October 25, 1991, State Farm deposited into the registry of the court the sum of $83,543.71, which it itemized as "interest on $10,000 from date of judicial demand until tender; $35,000 plus legal interest from date of judicial demand through October 25, 1991." Brenda filed a motion to withdraw the funds, "reserving all rights to enforce the judgment by all lawful means for the full amount of the judgment with interest and costs, and further reserving all rights to appeal." The trial court granted the motion on November 14, 1991.
State Farm appealed the judgment of the trial court imputing the $10,000 tender to interest. In an unpublished per curiam opinion, the court of appeal amended the judgment of the trial court to provide that State Farm was responsible for legal interest on the $10,000 tender from the date of judicial demand until the date of tender, and was responsible for legal interest on the sum of $35,000 from the date of judicial demand until paid 612 So.2d 1073. Upon Brenda's application, this court granted certiorari to review the correctness of that decision.[2]
The sole issue presented for our consideration is whether the $10,000 payment unconditionally tendered by State Farm to Brenda should be imputed in any way to interest owed by State Farm under the judgment.
The law on imputation of a payment to interest is set forth in La.Civ.Code art. 1866:
An obligor of a debt that bears interest may not, without the obligee's consent, impute a payment to principal when interest is due.
A payment made on principal and interest must be imputed first to interest.
In order to apply this article, we must first determine whether interest was due at the time State Farm made its unconditional tender on December 17, 1986. The statute governing legal interest in tort cases, La.R.S. 13:4203, provides:
Legal interest shall attach from date of judicial demand, on all judgments, sounding in damages, "ex delicto," which may be rendered by any of the courts.
In Burton v. Foret, 498 So.2d 706 (La.1986), we addressed the application of this statute to a UM insurer. Citing to Hoefly v. Government Employees Ins. Co., 418 So.2d 575 (La.1982), we found that the UM insurer was solidarily liable with the tortfeasor. Based on this holding, we concluded that the UM insurer was liable for interest from the date on which plaintiff first made judicial demand:
Where defendants are solidarily liable, they are jointly and severally liable for the entire debt, which would include interest from the date on which plaintiff made judicial demand on the first of those parties. Under LSA-R.S. 13:4203, legal interest runs from the date of plaintiff's first judicial claim against all parties responsible for a single tortious occurrence. LSA-C.C.P. art. 1153.
Burton, 498 So. 2d at 712.
Applying this holding to the present case, we find that legal interest attached on July 9, 1981, the date Bobby and Brenda first made judicial demand against the tortfeasor. State Farm, as a UM insurer solidarily liable with the tortfeasor, owed interest from this date. Since the unconditional tender was made on December 17, 1986, after the date of *143 judicial demand (July 9, 1981), interest was due at the time of the tender.
Having determined that interest was due at the time the unconditional tender was made, we next look to the nature of the tender to determine if it is a "payment made on principal and interest" for purposes of La.Civ.Code art. 1866. State Farm's tender was made pursuant to La.R.S. 22:658, which at the time of the accident provided that the insurer "shall pay the amount of any claim due any insured" within sixty days after receipt of satisfactory proof of loss from the insured, or be liable for penalties and attorney fees. Interpreting this statute in McDill v. Utica Mut. Ins. Co., 475 So.2d 1085, 1092 (La.1985), we held that the "amount that is due would be a figure over which reasonable minds could not differ."
A clear reading of La.R.S. 22:658 and McDill leads to the conclusion that the unconditional tender is meant to apply to the insured's "claim," i.e., a figure over which reasonable minds could not differ. When the unconditional tender is not made until after suit has been filed by the insured, the insured's claim, by operation of La.R.S. 13:4203, includes interest from the date of judicial demand. Once suit is filed, the claim necessarily increases to take into account accrued interest. Therefore, we find that in the case of a post-suit unconditional tender, the amount of the tender includes both a principal component and an interest component.[3]
Since we find interest was due at the time the unconditional tender was made, and that the tender represented a payment on interest and principal, it is clear that under La. Civ.Code art. 1866, the tender must be first applied to interest. For this reason, the court of appeal erred in applying the tender to principal. However, the trial court likewise erred in applying the entire amount of the tender to interest, since art. 1866 only requires that the payment must be first imputed to interest. This leaves open the possibility that some of the payment may be imputed to principal, assuming the payment is not exhausted by the interest accrued on the date of the tender. We must, therefore, remand the case to the trial court for a determination of which portion of the tender should be applied to accrued interest.
On remand, the trial judge should first determine the amount of interest that had accrued on the $45,000 judgment from the date of judicial demand (July 9, 1981) until the date of the unconditional tender (December 17, 1986). He should then subtract this amount from the $10,000 tender, in effect satisfying the interest which accrued up to December 17, 1986. Any remaining amount in the tender (assuming it was not exhausted by the accrued interest) would serve to reduce the principal amount of the $45,000 judgment. Interest on this reduced amount would begin to run anew from the date of the tender until the date the judgment is satisfied.[4]
Since State Farm has already paid $83,543.71 in principal and interest on the judgment, the trial judge should treat this amount as a credit against the amount he ultimately determines is due under the calculation we have set forth above. It appears that the $83,543.71 payment on interest and principal made by State Farm was identical to what it was required to pay under the court of appeal's judgment. State Farm did not apply for writs to this court from the court of appeal's judgment; therefore, that judgment is final as to State Farm. For this reason, in the event the trial judge should find that the amount due is actually less than the amount State Farm was required to pay under the court of appeal judgment, he may not reduce Brenda's award below this level.

*144 DECREE
For the reasons assigned, the judgment of the court of appeal is affirmed insofar as it renders judgment in favor of plaintiff, Brenda J. Ridenour, and against State Farm Mutual Automobile Insurance Company in the amount of $45,000. The judgment is vacated insofar as it addresses the application of the $10,000 unconditional tender made by State Farm Mutual Automobile Insurance Company on December 17, 1986. The case is remanded to the district court to enter a new judgment based on the views herein expressed. All costs are assessed against State Farm Mutual Automobile Insurance Company.
CALOGERO, C.J., concurs and assigns reasons.
HALL, J., additionally concurs with reasons.
WATSON, J., dissents.
CALOGERO, Chief Justice, concurring.
Because in my view the majority opinion is so well reasoned and written regarding the method of calculating the interest due on this judgmentand that was the issue the writ was granted to addressI concur. My reason for concurring is to point out that I nonetheless differ with the majority regarding the period over which the legal interest should be calculated.
The majority cites Burton v. Foret and Hoefly v. Government Employees Insurance Co. for the proposition that the UM carrier is solidarily liable with the tortfeasor and therefore liable for interest from the date on which plaintiff first made judicial demand. And indeed that was the holding in Burton. The facts in Burton, however, are distinguishable and should probably dictate a different result regarding what constitutes the date of judicial demand as regards State Farm's liability on the judgment in this case. Unlike Burton, the tortfeasor here was never cast in judgment, much less for the interest on any judgment from demand. This was for the reason that the plaintiff settled with the tortfeasor while reserving rights against the UM carrier.
I would have State Farm pay legal interest from the only judicial demand which in this case has resulted in a judgment. That is the judicial demand of July 30, 1986, when plaintiff amended the petition to assert a claim against his UM carrier, State Farm.
Because I am alone in this view and because I strongly endorse the majority's analysis regarding the method of calculating legal interest in this discreet situation, I prefer to concur rather than dissent.
HALL, Justice, concurring.
I fully agree with the majority decision that the tender should be applied first to accrued judicial interest on the full amount of the judgment as of the date of tender, and then to principal. I concur only to point out that in this case the accrued judicial interest on the $45,000 judgment on the date of the $10,000 tender far exceeded $10,000, and the entire tender should be applied to accrued interest. Thus, the principal was not reduced and interest continued to accrue after the date of the tender on the full $45,000.
WATSON, Justice, dissenting.
The tender should be applied first to principal, not interest. The court of appeal was right.
NOTES
[*] Pursuant to Rule IV, Part 2, § 3, ORTIQUE, J. was not on the panel which heard and decided this case.
[1] Upon Bobby's motion, on March 19, 1986, the trial court signed a judgment dismissing with prejudice Bobby's action against all defendants.
[2] 616 So.2d 675 (La.1993).
[3] Admittedly, it is somewhat of a fiction to say that the insurer knows the amount of interest accrued at the time of the tender, since such an exact calculation cannot be made until after the case has been reduced to judgment (the same is true of the principal amount). However, once suit is filed, the insurer is clearly on notice that some interest is due, even though it does not know the precise amount.
[4] For example, assuming $6,000 in interest was due between July 9, 1981 and December 17, 1986, $6,000 of the tender would go to interest and the remaining $4,000 would serve to reduce the principal amount from $45,000 to $41,000. Interest would then run on the $41,000 from December 17, 1986 until paid.