| ]WALTZER, Judge.
This is an appeal from a judgment of the Civil District Court for the Parish of Orleans on the motion of Christina Wysocki, individually and as Administratrix of the Succession of James A. Wysocki, her late husband, to fix interest, costs, attorneys fees and amounts owed by New England Insurance Company pursuant to final, executory judgment of this Court in Sanders v. Wysocki, 92-1190 (La. App. 4 Cir. 1/27/94), 631 So.2d 1330, writ den. 637 So.2d 156 (La.1994).
*715 Wysocki sought recovery of interest accrued between the date on which Sanders filed suit against Wysocki’s husband for legal malpractice and the date on which Wysocki filed a cross-claim against New England, as well as attorneys’ fees incurred in the prosecution of her appeal from an adverse jury verdict in Sanders v. Wysocki, Id.

STATEMENT OF FACTS

This case arises out of a legal malpractice claim filed on 15 May 1986 by Willie Sanders against his former attorneys, Richard J. Garrett and James A. Wysocki, claiming the attorneys allowed his personal injury claim to prescribe. Sanders sought the legal services of Mr. Garrett, who referred the case to Mr. Wysocki; co-defendants were Bonnie L. Za-kotnik and the partnership of Heisler and Wysocki, Mr. Wysocki’s law firm. After Mr. Wysocki’s death, Mrs. Wysocki was substituted as a defendant. Thereafter, on 5 March 1991, nearly five years after the original suit was filed, she filed a third-party demand against Garrett’s malpractice insurer, New England. Wysocki carried no legal malpractice insurance. Sanders’ claims were settled prior to trial, leaving for the jury only the issues of Wysocki’s third-party claim for insurance coverage, penalties and attorneys’ fees against Garrett and RNew England. The parties stipulated on the record that should the jury find New England liable to Mrs. Wysocki, the amount of damages would be $301,000.00. After trial, the jury found that Wysocki was not an insured under the policy New England issued to Garrett, and that New England’s refusal to defend Mrs. Wysocki against Sanders’ claims was not arbitrary, capricious or without probable cause.
On appeal, this Court found the jury verdict denying coverage to be manifestly erroneous, and affirmed the jury’s finding that New England’s denial of Wysocki’s cross-claim was not arbitrary, capricious or without probable cause. The decree provided:
IT IS HEREBY ORDERED, ADJUDGED AND DECREED that there be judgment herein in favor of third-party plaintiff CRISTINA L. WYSOCKI, INDIVIDUALLY AND AS ADMINISTRA-TRIX OF THE SUCCESSION OF JAMES A. WYSOCKI and against third-party defendant NEW ENGLAND INSURANCE COMPANY [92-1190 La.App. 4 Cir. 9] in the amount of THREE HUNDRED AND ONE THOUSAND DOLLARS AND NO/100 ($301,000.00), plus legal interest from the date of judicial demand, and all costs at the trial and appellate levels.
IT IS FURTHER ORDERED, ADJUDGED AND DECREED that there be judgment herein in favor of third-party defendant NEW ENGLAND INSURANCE COMPANY and against third-party plaintiff CRISTINA L. WYSOCKI, INDIVIDUALLY AND AS ADMINISTRA-TRIX OF THE SUCCESSION OF JAMES A. WYSOCKI dismissing with prejudice her claims for a penalty.
IT IS FURTHER ORDERED, ADJUDGED AND DECREED that there be judgment in favor of third-party defendant RICHARD GARRETT and against third-party plaintiff CRISTINA L. WYSOCKI, INDIVIDUALLY AND AS ADMINIS-TRATRIX OF THE SUCCESSION OF JAMES A. WYSOCKI dismissing with prejudice her claims against him.
REVERSED AND RENDERED.
Wysocki did not seek review of this Court’s decree. Defendants Garrett and New England sought writs from the Louisiana Supreme Court which were denied.
On 6 May 1994, ITT Hartford paid to Wysocki’s attorneys two checks totalling $383,776.16, for which Wysocki’s counsel gave a release reserving rights to pursue additional amounts that may be due per the Judgment.
On 27 June 1994, ITT Hartford paid Wy-socki’s counsel an additional $11,671.20, which, according to the terms of the receipt, “represents the payment of costs in the matter entitled Willie Sanders v. James A. Wy-socki, et al.” The receipt contains the same reservation of rights to pursue additional amounts “that may be due per the Judgment in the aforementioned.”

13FIRST ASSIGNMENT OF ERROR: Legal interest should have been awarded from the date the Sanders’ suit was filed, 15 Mag 1986.

Imposition of legal interest in tort suits is governed by La.R.S. 13:4203, which provides:
*716 Legal interest shall attach from date of judicial demand, on all judgments, sounding in damages, “ex delicto”, which may be rendered by any of the courts.
Wysocki relies on that statute and on the jurisprudence thereunder, holding that where tort defendants are solidarity liable, the interest on the judgment runs from the date of plaintiffs first judicial claim against all parties responsible for a single tortious occurrence. La.C.C.P. art. 1153; Ridenour v. Wausau Ins. Co., 627 So.2d 141, 142 (La. 1993); Burton v. Foret, 498 So.2d 706 (La. 1986). This line of authority is not applicable where, as here, the claim upon which judgment was rendered, and as to which interest is to be imposed, sounds in contract, not in tort. While Mr. Sanders’ claim was ex delic-to, for Mr. Wysocki’s negligent handling of his legal claim, Wysocki’s claim against his referring counsel’s insurer is ex contractu. See, Booth v. Fireman’s Fund Insurance Co., 253 La. 521, 218 So.2d 580, 583-584 (1968).
Legal interest on judgments ex contractu is set in La.C.C. ai't. 2000 (formerly art. 1938): “[Djamages for delay in performance are measured by the interest on that sum from the time it is due,_” See, Teledyne Movible Offshore, Inc. v. C & K Offshore Co., 376 So.2d 357, 359 (La.App. 3rd Cir.1979). Wysocki argues that the sum was “due” when Mr. Sanders filed suit against Wysocki.
In suits by an insured against his alleged insurer, legal interest runs from the date of judicial demand. Ainsworth v. Government Employees Ins. Co., 433 So.2d 709 (La.1983), citing the consolidated cases Block v. Reliance Insurance Co. and Faria v. Smoak, 433 So.2d 1040 (La.1983).
This Court’s decree awarded “judgment herein in favor of third-party plaintiff CHRISTINA L. WYSOCKI, INDIVIDUALLY AND AS ADMINISTRATRIX OF THE SUCCESSION OF JAMES A. WYSOCKI and against third party defendant NEW J¿ENGLAND INSURANCE COMPANY in the amount of ... ($301,000.00), plus legal interest from the date of judicial demand. ...”
Wysocki, as “third-party plaintiff’ made judicial demand upon New England when she filed her third party demand on 5 March 1991. Prior to that time, New England had not received a judicial demand to defend, indemnify or insure against Mr. Wysocki’s legal malpractice. Indeed, it was not until this Court on 27 January 1994 rendered its opinion that New England knew that Mr. Wysocki would be deemed to be its insured under the policy it issued to Mi’. Garrett.
We cannot say that the trial court’s plain reading of the appellate decree was erroneous as a matter of law, or manifestly erroneous as a finding of fact. The trial court had before it the facts that New England’s insurance contract did not name Mr. Wysocki, and that the law of this state making an attorney to whom a case is referred for trial an insured under the referring attorney’s legal malpractice policy was in sufficient doubt that the appellate opinion was rendered over two dissents with reasons, and with one concurrence based simply on the ambiguity of the insurance contract and one concurrence without reasons. The novelty of the holding is also reflected in the Louisiana Supreme Court’s denial of writs by a four to three margin. This Court affirmed the jury’s verdict that New England was not arbitrary or capricious in refusing to undertake Wysocki’s defense. In light of this background, we cannot say that the trial court was manifestly erroneous or clearly wrong in computing legal interest from the date on which Mrs. Wysocki made her judicial demand on New England.
Our review of the record in its entirety convinces us that the trial judge’s holding is reasonable in light of the record. We are instructed that before a judgment may be reversed, we must find from the record that a reasonable factual basis does not exist, and that the record establishes the judgment is manifestly wrong. Stobart v. State through Dept, of Transp. and Development, 617 So.2d 880 (La.1993). Although we accord deference to the factfinder, we are cognizant of our constitutional duty to review facts[1], not merely to Rdecide if we, as a reviewing court, would have found the facts *717 differently, but to determine whether the trial court’s verdict was manifestly erroneous, clearly wrong based on the evidence, or clearly without evidentiary support. Am-brose v. New Orleans Police Department Ambulance Service, 639 So.2d 216, 221 (La. 1994).
Because New England paid the principal amount of the judgment, together with the legal interest from the date of judicial demand, and paid the costs in the trial and appeal courts within a reasonable time from the Supreme Court’s denial of writs, Wy-socki’s argument concerning imputation of payment to interest is moot.

SECOND ASSIGNMENT OF ERROR: The trial court should have awarded Wysocki reimbursement of her attorneys’ fees for the appeal.

In support of this assignment of error, Wysocki relies on the provision in the appellate judgment that “New England is liable for attorneys [sic] fees and costs incurred by the late James Wysocki, Mrs. Wy-socki, and the estate of James Wysocki incurred [sic] in defending the suit.” However, the opinion continues, holding, “It was stipulated by counsel for New England that the total amount of damages sustained by Mrs. Wysocki and the estate of James Wysocki was $301,000.00.” In its decree, which followed the opinion, this Court awarded the $301,000.00 stipulated by the parties, “plus legal interest from the date of judicial demand, and all costs at the trial and appellate levels.” Wysocki did not seek review of the appellate court’s judgment awarding only principal, interest and costs. The judgment is final between the parties, and we find no error in the trial court’s refusal to award appellate attorneys’ fees.
The trial court determined that the “costs” awarded by this Court’s decree did not include attorneys’ fees. Since it is a recognized principle of law that attorneys’ fees and costs are two quite separate and distinct items of recovery, neither of which is included within the other, the trial judge correctly held that since this Court’s decree did not include an award of appellate counsel’s fees, he was without jurisdiction to modify the decree, and grant such an award by extending the interpretation of “costs” to include attorneys’ fees.
| «THIRD ASSIGNMENT OF ERROR: Wy-socki is entitled to penalties under La.R.S. 22:658(B)(1) for New England’s arbitrary and capricious failure to defend and indemnify Wysocki and his estate.
This issue was raised in Wysocki’s original appeal of the judgment based on the adverse jury verdict to this Court, and was resolved in New England’s favor.
Even considering the ambiguity of the policy insofar as it defined an insured, we are unable to say that Mrs. Wysocki met her burden of establishing that New England’s denial of payment and/or a defense was arbitrary, capricious or without probable cause. Sanders v. Wysocki 631 So.2d at 1335.
The trial jury, this Court, the Louisiana Supreme Court, and the trial judge have all agreed that New England should not be subjected to penalties for refusal to undertake Wysocki’s defense. We find no manifest error below and will not disturb those conclusions.

CONCLUSION

Wysocki’s assignments of error are without merit. The judgment of the trial court is affirmed.

AFFIRMED.

ARMSTRONG, J., concurs.

. See, LSA-Const. Art. 5, section 10(B).