I jDECUIR, Judge.
This is an appeal by Wayde C. Berthelot from the ex parte order of the trial court dismissing Homestead Insurance Company with prejudice.
On September 1, 1993, Berthelot was a passenger in the rear of a pickup truck owned and operated by his employer, Dixieland Farms, Inc., when the pickup truck was struck by an automobile driven by Betty M. Bouie. Plaintiff initially sued Bouie and her insurer, Silver Oak Casualty, Inc., for damages. Plaintiff subsequently amended his suit to name as an additional defendant his employer’s uninsured motorist carrier, Homestead Insurance Company. Thereafter, Association Risk Management Service, Inc. (hereinafter referred to as Risk Management) filed an intervention seeking reimbursement of worker’s compensation benefits paid to and/or on behalf of the plaintiff.
Plaintiff filed a motion for summary judgment contending that the policy issued by Homestead had bodily injury liability limits of $500,000 and there was no selection of lower uninsured motorist limits by Dixieland Farms, Inc. Homestead Rfiled a cross motion for summary judgment on the coverage issue contending that a valid selection of lower UM limits was executed reducing the amount of UM coverage to $100,000. Homestead subsequently deposited $100,000 into the registry of the court asserting that a dispute had arisen between plaintiff and Risk Management as to the distribution of these funds. Plaintiffs claims against Bouie and Silver Oak and Risk Management’s intervention were settled prior to trial on the motions for summary judgment.
After judgment by the trial court denying Berthelot’s motion for summary judgment and granting Homestead’s motion, Berthelot applied for certiorari and writ of review. This court denied writs stating there was no error in the ruling of the trial court. Plaintiff thereafter applied for supervisory and/or remedial writs to the Louisiana Supreme Court, which writs were denied. Judgment was subsequently rendered granting plaintiffs motion to disburse the funds deposited into the registry of the court, together with any interest that had accrued. Homestead then moved for dismissal on the grounds that its policy limits, which had been deposited into the registry of the court, had been withdrawn by plaintiff. The district court granted the motion ex parte dismissing plaintiffs claims against Homestead with prejudice. It is from this dismissal that plaintiff appeals.
*580 Plaintiff contends the trial court erred m finding a valid selection of lower UM limits on behalf of Dixieland Farms, Inc., and in failing to order legal interest from date of judicial demand.
The issue as to whether a valid selection of lower UM limits was made on behalf of Dixieland Farms, Inc., has already been reviewed and decided by this court and will not be revisited. Therefore, the only issue before the court is whether Homestead should be required to pay legal interest on its UM policy limits.
| ¡¡The record reflects that suit was filed on February 24,1994. Homestead deposited its policy limits into the registry of the court on November 18, 1994. The deposit did not include accrued legal interest. Homestead did not tender its limits to plaintiff, but deposited the amount of its policy limits into the registry of the court stating in its motion that a dispute had arisen between plaintiff and Risk Management over distribution of the funds, despite the express language of the policy excluding coverage for reimbursement of worker’s compensation benefits. After plaintiff filed a motion to disburse the funds, Homestead filed a motion to dismiss. Following a hearing on these two motions, judgment was rendered granting plaintiffs motion for disbursement of the funds and denying Homestead’s motion to dismiss. The record reflects that thereafter subpoenas were issued and the various parties filed witness and exhibit lists. Subsequently, the trial court inexplicably granted Homestead’s ex parte motion to dismiss.
We note that plaintiff clearly never voluntarily dismissed Homestead and, in fact, in answering Homestead’s reconventional demand and third party demand in concursus, plaintiff asserted that Homestead should not be relieved of further interests and costs. Therefore, plaintiffs intent to recover legal interest from Homestead is clear from the record.
Plaintiff correctly sets forth the legal proposition that an uninsured motorist insurer owes legal interest from date of judicial demand until the date an unconditional tender is made. Ridenour v. Wausau Ins. Co., 627 So.2d 141 (La.1993). When the unconditional tender is not made until after suit has been filed, the insured’s claim includes interest from the date of judicial demand. Id. Plaintiff contends that the deposit of the policy limits was not an “unconditional tender” since the deposit was not made under circumstances which allowed plaintiff to withdraw |4the funds at liberty, and because the deposit did not include the entire amount owed, including accrued interest. In other words, the full amount of the obligation was never tendered. We agree with plaintiff that the deposit of policy limits did not constitute an “unconditional tender,” and that the trial court erred in granting defendant’s ex parte motion to dismiss without requiring it to pay accrued interest.
Homestead apparently contends that because plaintiff did not obtain a judgment against it, he is not entitled to legal interest. Homestead also argues for the first time on appeal that the monies deposited into the registry of the court do not represent its UM policy limits, but estimated damages “inclusive of. interest.” Apparently, Homestead takes the position that a compromise occurred between it and plaintiff when the funds were withdrawn from the registry of the court. This position is without merit. Homestead also argues that plaintiff waived his right to legal interest by failing to reserve his rights to legal interest. The record is devoid of any voluntary dismissal of Homestead by the plaintiff, and there is no evidence in the record to reflect any compromise between plaintiff and Homestead. The motion to dismiss Homestead was granted ex parte. There was never a waiver of plaintiff’s right to recover legal interest. Homestead’s arguments are not persuasive.
The order of dismissal by the trial court is reversed, and plaintiff is hereby awarded legal interest from date of judicial demand. Costs of appeal are assessed to defendant-appellee.
REVERSED.