| PATRICIA RIVET MURRAY, Judge.
The parties frame the issue presented as whether an insured that fails to specifically plead a bad faith claim against its own uninsured motorist carrier, as required by La. C.C.P. art. 861, nonetheless may maintain such claim on the basis that the insurer had notice of such claim.[1] Agreeing with the insurer that such claim is precluded when not specially pled, the trial court granted summary judgment. The insured appeals. Based on our de novo review of the record, as required on summary judgment, we find the narrow issue presented to be whether the insurer was entitled to summary judgment on its affirmative defense of payment. For the reasons that follow, we find summary judgment was inappropriate, and we reverse and remand.

FACTS

This case arises out of a February 24, 1998 motor vehicle accident. A vehicle driven by Catherine Boudreaux collided with a vehicle driven by Doris Amador. This suit followed. In the original petition filed on January 29, 1999, Ms. Boudreaux named as defendants Ms. Amador and her insurer, State Farm | ¡Mutual Automobile Insurance Company.[2] In addition to alleging fault on the part of Ms. Amador in causing the accident, Ms. Boudreaux alleged that State Farm, in its capacity as Ms. Amador’s insurer,[3] was liable for its bad faith denial of Ms. Boudreaux’s claim despite her providing it with complete and detailed proof of that claim. Particularly, paragraph seven of the original petition alleged:
Defendant, State Farm Mutual Automobile Insurance Company is also liable for damages set forth by Louisiana State law for a bad faith denial of the subject claim in that there has been a very complete and detailed proof of claim filed with State Farm Mutual Automobile Insurance Company and defendant has continued to deny responsibility for the damages suffered by plaintiffs.
In response, State Farm filed an exception of no cause of action. State Farm argued that as a third party to the contract of insurance between it and Ms. Amador, Ms. Boudreaux had no cause of action against it under La. R.S. 22:658. State Farm further argued that because Ms. Boudreaux’s petition failed to allege *560 that it had breached any of the five duties enumerated in La. R.S. 22:1220, she stated no cause of action against it under that statute as well. Ms. Boudreaux failed to file an opposition to State Farm’s exception. Following a hearing, the trial court granted the exception, dismissing with prejudice the claims presented in paragraph seven, quoted above. The trial court rendered that judgment in open court on February 4, 2000, and signed a formal judgment to the same effect on February 25, 2000.
Meanwhile, on February 24, 2000, Ms. Boudreaux filed a first supplemental and amending petition, adding the following two paragraphs:
.In-
state Farm Mutual Automobile Insurance Company also provided underin-sured motorist coverage to Catherine Boudreaux by virtue of Policy No. L05 6930-A25-18D.
9.
Demand is made upon State Farm Mutual Automobile Insurance Company pursuant to said underinsured motorist coverage.
Noticeably lacking from the above allegations is any mention of penalties or attorney’s fees. Also noticeably lacking was any allegation that State Farm, as Ms. Boudreaux’s UM carrier, was arbitrary and capricious in its handling of the claim. Noticeably present, however, was the standard prayer for costs and judicial interest, a point addressed below. On that same date, State Farm’s attorney forwarded a $25,000 check to Ms. Boudreaux’s attorney, representing the face amount of Ms. Amador’s liability policy. On March 13, 2001, the trial court signed a partial motion to dismiss, dismissing Ms. Bou-dreaux’s claims against Ms. Amador and her insurer, State Farm, with prejudice, but expressly reserving all of her rights against State Farm, in its capacity as Ms. Boudreaux’s UM carrier.
On July 24, 2001, State Farm filed a motion for summary judgment on the basis that Ms. Boudreaux’s petition should be dismissed because the relief demanded in the amended petition against it had been received. Specifically, State Farm argued that it had made a second, unconditional tender of $25,000 to Ms. Boudreaux, representing the full per person policy limits under her UM policy. It follows, State Farm argued, that there were no genuine issues of material fact remaining given that the sole relief Ms. Boudreaux sought against it was payment under her UM coverage.
14Opposing State Farm’s summary judgment motion, Ms. Boudreaux argued that State Farm was seeking summary judgment on the issue of penalties and attorney’s fees “which are claimed due to its failure to unconditionally tender the policy limits until January 26, 2001.” Ms. Bou-dreaux argued that State Farm’s motion should be denied because it had notice of the amount of her claims months before it tendered its policy limits. In support, Ms. Boudreaux attached as exhibits copies of numerous correspondence between her attorney and State Farm’s claim specialist and its attorney, as well as her October 6, 1999 deposition.
By supplemental memorandum, State Farm stressed Ms. Boudreaux’s failure to assert a claim for penalties and attorney’s fees against it in its capacity as her UM carrier. Because statutory penalties and attorney’s fees are items of special damages, State Farm argues that Louisiana law requires that such claims be specifically alleged. Given that Ms. Boudreaux failed to make such allegations against it in its capacity as her UM carrier, State Farm *561 claimed it was entitled to summary judgment since it had proven that all of Ms. Boudreaux’s demands against it had been satisfied.
Following a hearing, on October 16, 2001, the trial court, agreeing with State Farm’s argument, rendered judgment granting State Farm’s motion for summary judgment and dismissing Ms. Bou-dreaux’s petition with prejudice.[4] From that final judgment, Ms. Boudreaux appeals.

\ ¿DISCUSSION

On appeal, the standard of review of a trial court’s decision granting summary judgment is de novo. Shelton v. Standard/700 Associates, 2001-0587, p. 5 (La.10/16/01), 798 So.2d 60, 64-65; Doerr v. Mobil Oil Corp., 2000-0947, p. 27 (La.12/19/00), 774 So.2d 119, 136; Smith v. Our Lady of the Lake Hosp., Inc., 93-2512, p. 26 (La.7/5/94), 639 So.2d 730, 750. We ask the same questions as the trial court asked; namely: whether there is any genuine issue of material fact, and whether the mover-appellee is entitled to judgment as a matter of law. In answering these questions, we are guided by the Legislature’s admonition that “[t]he summary judgment procedure is designed to secure the just, speedy, and inexpensive determination of every action” and that “[t]he procedure is favored and shall be construed to accomplish these ends.” La. C. Civ. Pro. art. 966(A)(2).
Based on our de novo review of the record, we find (as noted at the outset) that the narrow issue presented is whether the insurer was entitled to summary judgment on its affirmative defense of payment. State Farm submits that it established its entitlement to summary judgment because it proved that it had tendered to Ms. Boudreaux the full amount of her UM coverage limits, thus satisfying the demands that she made against it in her first supplemental and amending petition. Because Ms. Boudreaux has not disputed the limits of State Farm’s UM coverage or that State Farm has tendered those limits to her, State Farm argues that it met its initial burden under the summary judgment articles and the burden shifted to Ms. Boudreaux to show that she would be able to meet her evidentiary burden at trial. See La. C.C.P. art 966. As Ms. Boudreaux’s opposition to State Farm’s motion for summary judgment did not establish a genuine issue of material fact as to whether she had pled for statutory penalties and | ^attorney's fees against State Farm in its capacity as Ms. Bou-dreaux’s UM carrier, State Farm submits that the trial court properly granted summary judgment in its favor.
As State Farm argues, statutory penalties are items of special damages that must be specifically alleged. See 1 Frank L. Maraist and Harry T. Lemmon, Louisiana Civil Law Treatise: Civil Procedure § 6.1 (1999)(noting that “[attorney’s fees and statutory penalties also are special damages” and collecting cases). The record reflects that Ms. Boudreaux never specifically alleged such a claim against State Farm in its capacity as her UM carrier. Despite our agreement with State Farm on that procedural point, we find the trial court erred in granting summary judgment for another reason. We find that State Farm’s contention that it was entitled to summary judgment because Ms. Boudreaux obtained all the relief she *562 prayed for against it overlooks that she also prayed for judicial interest. Pursuant to Ridenour v. Wausau Ins. Co., 627 So.2d 141 (La.1993), a UM insurer’s unconditional tender made after the insured has filed suit “by operation of La. R.S. 13:4203, includes interest from the date of judicial demand.” 627 So.2d at 143.[5] “Once suit is filed, the claim necessarily increases to take into account accrued interest. Therefore, ... the amount of the [post-suit] tender includes both a principal component and an interest component.” Id.
Hardy v. Poydras Properties, 97-2547 (La.App. 4 Cir. 01/13/99), 737 So.2d 793, writ denied, 99-0769 (La.5/7/99), 740 So.2d 1293, presented a similar issue regarding whether interest was due on settlement amounts the primary insurer [7paid. Distinguishing Ridenour, supra, we noted that we were not presented, as in Ridenour, with “a UM insurer who made an unconditional tender and was subsequently cast in judgment, thus invoking the provisions of La. R.S. 13:4203.” 97-2547 at p. 18, 737 So.2d at 803-04. Instead, we noted we were presented with an insurer who settled with the plaintiffs, whose damage claims were never brought to judgment. In that context, we commented:
Absent a specific provision in the insuring agreement, we know of no provision in Louisiana'law that obligates an insurer for the payment of interest when a case is settled with a claimant prior to trial. Although the potential of exposure to interest following the rendition of a judgment of damages may affect the amount offered and accepted in settlement, this does not create a legal obligation for the payment of interest prior to judgment.
97-2547 at pp. 18-19, 737 So.2d at 804 (emphasis in original). Continuing, we cautioned that “an insurer should be aware of its ultimate responsibility, in the event of judgment, to pay, in addition to policy limits, judicial interest on such policy limits from date of judicial demand.” 97-2547 at p. 19, 737 So.2d at 804 (emphasis in original).
This case presents a unique scenario falling somewhere between that presented in Ridenour and in Hardy. In this case, as noted, State Farm is seeking summary judgment based on payment by tendering only its policy limits. In this context, we conclude that although State Farm may not have had an obligation to actually pay the interest on its policy limits when it made the post-suit tender, for it to succeed on its pre-judgment payment defense it was required to pay not only its policy limits but also judicial interest. Stated otherwise, while an UM insurer is not obligated to pay interest until judgment, if the insurer wants to obtain summary judgment based on post-suit payment, it must pay interest. This result necessarily ^follows given the holding in Ridenour, supra, that a portion of an insurer’s post-suit unconditional tender is imputed to interest.
State Farm’s summary judgment motion asserts, albeit not by name, the affirmative defense of payment. See La. C.C.P. art. 1005 (defining as affirmative defense “extinguishment of obligation in any manner”). That State Farm is essentially asserting entitlement to summary judgment based on an affirmative defense means that State Farm is the party with the burden of proof, not Ms. Boudreaux. State Farm was thus required to prove “there is no genuine issue as to material *563 fact, and that mover is entitled to judgment as a matter of law.” La. C.C.P. art. 866 C(1). For the reasons discussed above regarding judicial interest, State Farm cannot satisfy its burden. Although State Farm had no duty to pay or tender interest on its policy limits prior to judgment,» in the absence of such payment, Ms. Bou-dreaux had a right to go to judgment to collect judicial interest that had accrued. It necessarily follows then that there are issues of material fact that preclude summary judgment in favor of State Farm on its affirmative defense of payment.
Given the liberal pleading rules regarding supplemental and amending pleadings coupled with the pre-trial posture of this case, the trial court is now in a position on remand to allow Ms. Boudreaux leave to amend her petition to assert any cause of action that it deems appropriate, including a claim for penalties and attorney’s fees against State Farm in its capacity as her UM carrier. See La. C.C.P. art. 1154. This pretermits the issue the parties presented regarding Ms. Boudreaux’s failure to specifically plead this claim.
| ¿DECREE
For the foregoing reasons, the judgment of the trial court granting summary judgment in State Farm’s favor and dismissing the petition with prejudice is reversed and this matter is remanded for further proceedings consistent with the reasoning set forth herein.
REVERSED AND REMANDED.
BYRNES, C.J., concurs in part & dissents in part.

. La. C.C.P. art. 861 provides that "[w]hen items of special damages are claimed, they shall be specifically alleged.”

. Ms. Boudreaux's husband is also a named plaintiff; he asserts a loss of consortium claim. For ease of discussion, we refer singularly to Ms. Boudreaux as the plaintiff.

.As discussed elsewhere, State Farm is also the uninsured motorist insurer of Ms. Bou-dreaux.

. The trial court orally reasoned that Ms. Boudreaux "failed to assert a bad faith claim pursuant to Louisiana Revised Statute 22:658 and 22:1220 against State Farm, as [her] UM Carrier. As State Farm has rendered its UM policy limits in this matter, there is no genuine issue of material fact at issue and the defendant is entitled to summary judgment.”

. La. R.S. 13:4203 provides that "[l]egal interest shall attach from the date of judicial demand, on all judgments, sounding in damages, ‘ex delicto,’ which may be rendered by any of the courts.”